**Thelma ROSENBERG, Petitioner-Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 71–1158.**

United States Court of Appeals, Tenth Circuit.

Nov. 8, 1971.

Rehearing Denied Dec. 6, 1971.

Philip J. Erbacher, Kansas City, Mo. (Hoskins, King, Springer, McGannon & Hahn, Kansas City, Mo., on the brief), for petitioner-appellant.

Ann E. Belanger, Atty., Tax Div., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks and Bennet N. Hollander, Attys., Tax Div., Dept. of Justice, on the brief), for respondent-appellee.

Before MURRAH, BREITENSTEIN, and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The Tax Court upheld the Commissioner's determination that appellant taxpayer was deficient in her 1961 return in the amount of $3,702.86. The facts were stipulated.

Taxpayer, and her husband Theodore, filed a joint federal income tax return for 1961, claiming an overpayment of $6,701.20 and seeking a refund therefor. The joint return claimed a $23,504.99 deduction as Theodore's distributive share of the net operating loss allegedly sustained by Solari Furs in 1961. Solari Furs, a partnership composed of Theodore and his son, did business in St. Louis, Missouri. The partnership return for the taxable year 1960 showed an income of over $15,000. No partnership return for 1961 was filed. Solari Furs and the two partners were adjudicated bankrupts in 1962 in involuntary proceedings. In connection therewith the bankrupts claimed an overpayment of 1961 income taxes because of a net capital loss in that year. This was denied because of the bankrupts' failure to keep business records which would make a redetermination or recomputation possible. Solari Furs v. United States, 8 Cir., 436 F.2d 683, 686. Recognizing that Thelma was not a party to the bankruptcy, the Commissioner does not contend that the holding in the Eighth Circuit is binding on her. The present case is in the Tenth Circuit because Thelma and Theodore are residents of Kansas.

IRS Agent Epp examined the 1961 return and sought verification of the claimed operating loss. He did not talk to Theodore and did not personally examine the books and records of Solari Furs. When he requested that Theodore substantiate the loss he was told that Theodore was unavailable because of illness. Epp then sought verification from the accounting firm which had prepared the 1961 return, the attorney who had represented Theodore in the bankruptcy proceedings, and other agents who had audited the couple's prior joint returns. He examined the bankruptcy court files and was told that the books and records of Solari Furs "were not available because such records were in the possession of an attorney."

After an exchange of correspondence, the office of the District Director, on August 5, 1966, wrote Thelma's attorney that: "No action will be taken in regard to Thelma Rosenberg for a period of ten days from the date of this letter in order to give her time to file a power of attorney if she so desires." However, on August 12, 1966, a statutory notice of deficiency was mailed to Thelma, and on August 19 a preliminary letter, commonly referred to as a 30-day letter, was sent to her. In response she filed a "Protest Letter" and requested a conference with a representative of the IRS Appellate Division. She was not afforded prelitigation administrative review of the tax liability, and to protect her position she individually, not with her husband, filed an appropriate petition in the Tax Court; it sustained the deficiency determination. This appeal followed.

The taxpayer's basic complaint is that the IRS violated its own procedural rules, particularly 26 C.F.R. §§ 601.105 and 601.106. She says that the violation, coupled with the failure to audit the books and records of Solari Furs: (1) resulted in an arbitrary determination of deficiency which shifted to the Commissioner the burden of establishing in the Tax Court the asserted deficiency, or (2) voided the notice of deficiency.

The mentioned sections provide administrative procedures available to a taxpayer who does not agree with the determination of the IRS Audit Division. See 9 Mertens, Law of Federal Income Taxation § 49.122. The taxpayer complains about the denial of an administrative hearing before the Appellate Review Division. See 26 C.F.R. § 601.-106(b) and (c). No reason was given for the denial though the procedures may be interrupted under some circumstances. See § 601.105(f). The procedural rules were promulgated under 5 U.S.C. § 301, formerly 5 U.S.C. § 22. See Luhring v. Glotzbach, 4 Cir., 304 F.2d 560, 563–564. They are not Treasury Decisions or Regulations. Ibid. at 564, n. 2. The question is the effect of the failure of IRS to follow these adopted procedures.

A similar problem was considered in Luhring v. Glotzbach, 4 Cir., 304 F.2d 560. In that case the taxpayers were deprived of the right to an informal conference in the Auditing Department of the District Director as provided by § 601.105. The claim was that this deprivation voided the notice of deficiency. The court held that the procedural rules governed the agent's conduct in determining the correctness of the return and were designed to (1) avoid litigation by affording the taxpayer an opportunity to agree with the examining agents in their adjustments of the tax shown on the return, and (2) authorize the representatives of the Commissioner to compromise when complete settlement could not be had. Ibid. at 564–565. Although the court recognized that the procedures are of great value to both the taxpayer and the government in composing disputed questions and in avoiding the expense and delay of litigation, it concluded that they were directory rather than mandatory and did not curtail the power of the Commissioner to send a notice of deficiency. Ibid. at 565.

The mandatory-directory distinction was again employed in Cleveland Trust Company v. United States, 6 Cir., 421 F.2d 475, cert. denied 400 U.S. 819, 91 S.Ct. 35, 27 L.Ed.2d 46, where the question was whether the IRS was bound by its own procedures in rejecting agreements reached at informal conference. The court held that the procedures are directory and do not affect the right of the IRS to assert a deficiency. Ibid. at 481–482.

The taxpayer relies on United States v. Heffner, 4 Cir., 420 F.2d 809, and United States v. Leahey, 1 Cir., 434 F.2d 7. Each of these was a criminal prosecution for income tax fraud. The IRS had issued and published in a "News Release" procedures governing agent conduct in investigating tax fraud cases. On initial contact the agent was required to read a Miranda warning. In each case the agent failed to do so. Each court held that the IRS was bound by the stated procedures and that statements obtained in violation thereof were inadmissible in the criminal proceedings. In Leahey the court did not say that "agencies always violate due process when they fail to adhere to their procedures." It pointed out that the procedures in question were designed to protect the constitutional rights of taxpayers and that "[o]ur result would have been different if the IRS had violated a procedure designed to promote some other agency goal." 434 F.2d at 10–11.

Both Heffner and Leahey rely on Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681, a habeas corpus case concerned with a regulation vesting the Board of Immigration Appeals with discretion equal to that of the Attorney General. The Court held that action by the Attorney General did not relieve the Board of its duty to exercise the delegated discretion.

Our decision in United States v. Lockyer, 10 Cir., 448 F.2d 417, discusses the effect of Accardi. Lockyer was a criminal prosecution for tax fraud. The defendant argued that a violation by the IRS of its Audit Technique Manual, directing an agent to suspend his investigation on discovery of an indication of fraud so that the Intelligence Division could evaluate the situation, required the evidence gained in the investigation to be suppressed. We pointed out that in Accardi the regulation, which had the force and effect of law, was for the protection of the person sought to be deported. In Lockyer the thrust of the procedure was IRS internal administration—not the protection of the taxpayer. Hence, Accardi was inapplicable and the case came within the internal administration exception noted in Leahey, 434 F.2d at 11.

■ Both Heffner and Leahey are grounded on due process. The question in the instant case is whether the violation of the pertinent administrative procedures violates due process. Its resolution requires us to balance the interests of the government against the interest of the citizen. See Hahn v. Gottlieb, 1 Cir., 430 F.2d 1243, 1247. The thrust of

the taxpayer's argument goes to the denial of a hearing before the Appellate Division of the IRS. Due process does not require a hearing at the initial stage or at any particular point of an administrative proceeding. Cf. Opp Cotton Mills, Inc. v. Administrator of Wage and Hour Division of Department of Labor, 312 U.S. 126, 152–153, 61 S.Ct. 524, 85 L.Ed. 624. We are not concerned with a criminal prosecution but rather with a deficiency determination based on the rejection of a claimed business loss. The procedures in question are not designed to protect the constitutional rights of the taxpayer but rather provide methods by which the Audit Division's determination can be checked without the expense and delay of litigation.

No showing is made as to what, if anything, would have been gained by conference with the Appellate Division. The facts are stipulated. The taxpayer had a full hearing and determination de novo in the Tax Court.

 We believe that there was no denial of due process and that the case is distinguishable from the criminal prosecutions considered in Heffner and Leahey. We agree with Luhring and Cleveland Trust that the procedures are directory rather than mandatory.

 The Tax Court held that the taxpayer had not carried the burden of proving entitlement to a deduction based on the claimed business loss. The burden of proving the existence and amount of a deductible loss is on the taxpayer. Burnet v. Houston, 283 U.S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991. Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623, recognizes an exception when the Commissioner's determination is arbitrary. See also Federal National Bank of Shawnee, Oklahoma v. Commissioner of Internal Revenue, 10 Cir., 180 F.2d 494, 497. The taxpayer argues that this case comes within that exception. The record does not disclose arbitrary action. As we have already stated, the denial of the appellate conference does not affect the determination of deficiency. Nor was the failure to audit arbitrary. The Agent was familiar with the bankruptcy proceedings in which the deductibility question had been raised by the taxpayer's husband, and he made a good faith effort to secure the books and records. It was, after all, initially the taxpayer's burden to substantiate the claimed loss. Vanguard Recording Society v. Commissioner of Internal Revenue, 2 Cir., 418 F.2d 829, is not to the contrary. In that case sufficient underlying facts were shown to justify a legal conclusion contrary to the Commissioner's determination and the court held that such determination was based on "self-serving speculation." Ibid. at 832. That is not the case here. The determination of deficiency was not arbitrary and the notice of deficiency was not void.

 Finally, the taxpayer argues that she produced sufficient evidence to substantiate the claimed loss. The evidence on which the taxpayer relies consists of the worksheets, balance sheet, and income statement of an accountant who admittedly did not audit and did not pretend to know the accuracy of the figures which he used. Taxpayer says that circumstantial evidence corroborates the results reached by the accountant. The Tax Court found the evidence wholly inadequate as a basis for determining whether any loss occurred in 1961. This conforms with the result reached in the husband's bankruptcy proceedings. 436 F.2d at 686. Findings of the Tax Court supported by substantial evidence are conclusive and binding on us. Wilmington Trust Co. v. Helvering, 316 U.S. 164, 168, 62 S.Ct. 984, 86 L.Ed. 1352, and Home Co., Inc. v. Commissioner of Internal Revenue, 10 Cir., 212 F.2d 637, 639. In our opinion the findings of the Tax Court are sustained by the record and are not clearly erroneous. Its conclusions are free from errors of law.

Affirmed.