GEORGE W. MOSSIE and CATHERINE P. MOSSIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent ALMO REAL ESTATE COMPANY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mossie v. Commissioner
Docket Nos. 6437-71, 6679-71.
United States Tax Court
T.C. Memo 1974-75; 1974 Tax Ct. Memo LEXIS 246; 33 T.C.M. (CCH) 394; T.C.M. (RIA) 74075; March 27, 1974, Filed Edward J. Essay, Jr., for the petitioners. Edward G. Lavery, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: In these consolidated cases, respondent has determined the following deficiencies in petitioners' Federal income taxes: Petitioner
Taxable Year
Amount George W. and Catherine P. Mossie
1967
$3,488.97
Almo Real Estate Company, Inc.
1967
1,827.47
1968
429.19
Because of concessions there are no remaining issues for 1968 and the only issue remaining for our decision is whether petitioners executed valid consents to *247 extensions of the statutory period for assessment of deficiencies for their respective 1967 taxable years. FINDINGS OF FACT All of the facts have been stipulated and are so found. George W. and Catherine P. Mossie (the Mossies) are husband and wife who, at the time they filed the petition herein, resided in Lee's Summit, Missouri. They timely filed a joint Federal income tax return for the 1967 calendar year. Petitioner Almo Real Estate Company, Inc. (Almo) is a Missouri corporation with its principal place of business in Lee's Summit, Missouri. Almo filed its 1967 calendar year corporate income tax return on June 17, 1968. The Mossies own all the stock of Almo. George is the corporate president, Catherine the secretary-treasurer. On October 19, 1970, the Mossies executed a power of attorney naming W. Donald Rooney (Rooney), an accountant, and Thomas J. Walsh (Walsh), an attorney, as their attorneys-in-fact for "Internal Revenue Service examination of returns for the taxable years ending December 31, 1967 and 1968." The power of attorney executed granted - Said (attorneys)-in-fact (or either of them * * * full power to perform on behalf of the (taxpayers) the following *248 acts with respect to the above tax matters: * * * To execute consents extending the statutory period for assessment or collection of taxes. Also on October 19, 1970, Almo, by its president, George W. Mossie, signed a similar power-of-attorney form covering "Internal Revenue Service examination of the years ended December 31, 1967 and 1968." Rooney and Walsh were again named attorneys-in-fact, and among other powers granted, they were each given full authority to "execute consents extending the statutory period for assessment or collection of taxes." Rooney signed each of the above power-of-attorney forms, but Walsh signed neither. Neither power was revoked in 1970. On October 29, 1970, Rooney, acting as attorney-in-fact for the Mossies pursuant to the first of the above-described powers signed a consent form which provided for an extension to December 31, 1971, of the statutory period for assessment of deficiencies as to the Mossies' 1967 taxable year. The same day, Rooney executed an identical form by which he consented as attorney-in-fact for Almo to a similar extension of the statutory period for Almo's 1967 taxable year. Both consents were signed on behalf of the respondent *249 on November 4, 1970. The consent forms contained the following instructions. If the consent is executed for a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both husband and wife unless one, acting under a power of attorney, signs as agent for the other. The consent may be signed by the taxpayer's attorney or agent provided such action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form. * * * If the taxpayer is a corporation, the consent must be signed with the corporate name followed by the signature and title of the officer(s) duly authorized to sign. On June 15, 1971, respondent mailed to the Mossies the statutory notice of deficiency which is involved in the instant case. The statutory notice to Almo was mailed approximately a week later, on June 23, 1971. OPINION Petitioners George W. and Catherine P. Mossie filed a timely joint return for their 1967 taxable year. Under section 6501(b), I.R.C. 1954, [1] such return is deemed filed on April 15, 1968, for *250 purposes of computing the three-year statute of limitations for assessments of deficiencies for such year. Respondent's statutory notice of deficiency was mailed on June 15, 1971, exactly two months after the normal three-year statutory period had run. Petitioner Almo Real Estate Company, Inc., filed its 1967 return on June 17, 1968, and again respondent did not mail his statutory notice to Almo within the three-year period - missing it by approximately one week. Respondent relies on section 6501(c) (4), [2] and alleges that he and both petitioners in the instant case consented in writing within the respective statutory periods to an extension of such periods to December 31, 1971. To support his position, respondent introduced the consent forms signed by Rooney, the attorney-in-fact of both petitioners. Beyond any reasonable doubt these forms, together with the power-of-attorney documents referred to in the findings above, clearly provide respondent the extensions he needs in the instant case.
*251 Petitioners have favored us with no briefs, though given the opportunity to do so. However, by opening statement when the case was submitted petitioners made three arguments in contest of the validity of the extensions, which arguments we now consider. One: Petitioners first argue that the power-of-attorney forms are invalid because while both Rooney and Walsh are named as attorneys-in-fact, only Rooney signed the forms. This argument clearly overlooks the fact that the power of attorney, as executed, gave either Walsh or Rooney "full power" to individually execute consents to extensions of the statutory period for assessments. Positing no requirement of joint action by Walsh and Rooney - and indeed specifically authorizing individual action - the forms clearly gave Rooney the authority to act in a binding fashion for petitioners, and it was Rooney who alone signed the consent forms which respondent relies upon in the instant case. Thus, Walsh's failure to sign the power of attorney is here irrelevant. Two: Petitioners next argue that their power-of-attorney documents did not comply with *252 section 601.504(a), Income Tax Regs., which requires that the power of attorney "specify the tax matter to which the authority relates." On the Mossies' power-of-attorney form, petitioners designated "Internal Revenue Service examination of returns for the taxable years ending December 31, 1967 and 1968." Almo's form specified "Internal Revenue Service examination of the years ended December 31, 1967 and 1968." It is the contention of the petitioners that these designations are not specific enough to satisfy the requirements of section 601.504(a), Income Tax Regs., and that, hence, such powers of attorney were invalid. With this conclusion, we cannot agree. In the first place, petitioners are relying on a procedural regulation. Such regulations are directory, rather than mandatory in legal effect, and thus, respondent's failure to abide by them in a given case will not invalidate his statutory notice of deficiency. Rosenberg v. Commissioner, 450 F.2d 529, 532-3 (C.A. 10, 1971), affirming a Memorandum Opinion of this Court; *253 Luhring v. Glotzbach, 304 F.2d 560, 563-5 (C.A. 4, 1962) Cleveland Trust Company v. United States, 421 F.2d 475, 581-2 (C.A. 6, 1970), certiorari denied 400 U.S. 819 (1970); Anthony B. Cataldo, 60 T.C. 522, 523 (1973). Furthermore, in the instant case, it is clear that petitioners were not prejudiced in any way by respondent's acceptance of their powers of attorney. They were undoubtedly aware, by October 19, 1970, of respondent's interest in the 1967 returns, and the powers of attorney - as voluntarily executed by both petitioners - clearly provided that Rooney would have the power of consenting to extensions of the statutory period for their 1967 taxable years. [3] And any suggestion that respondent's acceptance of the powers violated due process rights of petitioners would be clearly frivolous. Cf. Rosenberg v. Commissioner, 450 F.2d at 532-3, and cases cited therein. Thus, we cannot find that petitioners' power-of-attorney designations were invalid. *254 Three: Finally, petitioner Almo contends that its consent to extension was invalid because no corporate officer signed the consent form. Such assertion is without merit. Nine days before the consent form was signed by Rooney for Almo, Almo expressly granted to Rooney "full power" to bind the corporation on extensions of the statute of limitations for the 1967 taxable year. In light of this circumstance signatures of corporate officers on the consent form would have been clearly superfluous. Almo may be referring to an instruction contained on the consent form which provides that a corporate officer must sign such form in cases where a corporation is consenting to an extension of the limitations period. There is also an instruction on the form requiring that both husband and wife sign the form if a joint return is involved, unless one party has a power of attorney from the other. Both these instructions are located on the form beside another instruction which clearly provides that the form may be signed for the taxpayer by his properly designated attorney-in-fact. We think that a fair and correct reading of such instructions is that the signature of a corporate officer is only *255 required, in the case of a corporate consent, where no authorized attorney-in-fact has signed for the corporation. Were we to adopt what is apparently petitioners' reading, a power of attorney executed by a corporation would become a meaningless exercise for both the government and corporate taxpayers. Because we see no compelling reasons why such a result should be allowed, we reject petitioner's argument as to the need in this case for an additional signature on the consent form. Furthermore, whatever is the proper reading of the instructions on the form, it is clear to us that under the power of attorney, Rooney had full and undoubted power to bind the corporation on his signature, as he did. Finding no merit in any of petitioners' arguments we reject them, consequently, Decision will be entered under Rule 155 in docket No. 6437-71. Decision will be entered for the respondent in docket No. 6679-71. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise provided. ↩
2. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. * * * (c) Exceptions. - * * * (4) Extension by agreement. - Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary or his delegate and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. * * * ↩
3. The Service has indicated that the reason it requires rather specific authority designations is to ensure that if a taxpayer wishes to revoke a particular power of attorney, by executing a new form, that the scope and fact of the revocation will be easily and clearly brought to the attention of the Service. Petitioners make no argument that they even attempted to revoke Rooney's authority at any time during the years in question. Indeed, we feel assured that, although the powers of attorney may not have been entirely specific they were clearly specific enough to avoid any potential problems of notice had the petitioners, in fact, attempted a revocation. Technical Information Release 611↩, dated July 15, 1964, I.R.B. 1964-32, 26-27.