MICHAEL O. FARBER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farber v. Commissioner
Docket No. 9760-79.
United States Tax Court
T.C. Memo 1981-57; 1981 Tax Ct. Memo LEXIS 687; 41 T.C.M. (CCH) 853; T.C.M. (RIA) 81057; February 12, 1981. Michael O. Farber, pro se. Burns Mossman, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure.
Respondent determined deficiencies in petitioner's 1975 and 1976 income tax, plus additions to the tax under section 6651(a)(1) [1] for failure to file a tax return, under section 6653(a) for disregard of rules and regulations, and under section 6654 for failure to pay estimated taxes, as follows: *688 Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a)
1975
$ 5,731.96
$ 286.60
1976
17,131.90
$ 4,282.98
856.60
$ 638.59
Petitioner resided in Spencer, Iowa, at the time he filed his petition in this case. Respondent's deficiencies are based primarily on petitioner's failure (1) to report as income certain amounts received by a family trust, (2) to report as income certain amounts assigned to a second trust, (3) to substantiate certain business expenses, and (4) to pay self-employment taxes. Respondent's motion for summary judgment and accompanying memorandum alleges that the petition (1) does not contain assignments of error directed to specific items in the deficiency notice and (2) does not contain allegations of fact which establish that petitioner is entitled to items disallowed or is not taxable on items included in income in the notice of deficiency. Rule 121 provides that summary judgment shall "be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, *689 together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." In light of the entire record, including a transcript of a hearing on the summary judgment motion held in Des Moines, Iowa, we grant respondent's motion for summary judgment. Petitioner's petition and responses to respondent's motion for summary judgment advance a number of constitutional, statutory and jurisdictional arguments including the constitutionality of the income tax laws, the constitutionality of the legal tender laws and the jurisdiction of this Court. All such contentions have been fully considered by this and other courts, and decided adversely to the taxpayers. [2]
In his response to respondent's motion for summary judgment, petitioner claims for the first time that the statutory notice is invalid because respondent did not communicate or meet with petitioner *690 before issuing the statutory notice. This is no basis for declaring a statutory notice invalid. See Rosenberg v. Commissioner,450 F.2d 529 (10th Cir. 1971)affg. a Memorandum Opinion of this Court. [3]
Petitioner has not assigned any errors with respect to the substantive adjustments or the additions to tax for failure to file a tax return, [4] for disregard of rules and regulations [5] and for failure to pay estimated taxes [6]; nor has petitioner alleged any facts to show that respondent erred in making the adjustments. Hence respondent has established that there is no genuine issue as to any material fact. Respondent's motion for summary judgment is hereby granted. *691 An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. See the exhaustive list of cases cited in Bowser v. Commissioner,T.C. Memo. 1980-483 (1980); Hergott v. Commissioner,T.C. Memo. 1980-283; Brobeck v. Commissioner,T.C. Memo. 1980-239↩ (1980).
3. See also Terry v. Commissioner,T.C. Memo. 1978-81↩ (1978).
4. The taxpayer bears the burden of proof that the failure to timely file was due to reasonable cause. Fischer v. Commissioner,50 T.C. 164, 177 (1968). Even if we were to go outside the pleadings, the Fifth Amendment claim printed on the face of petitioner's 1976 tax return would not constitute reasonable cause for his failure to file a return. Hatfield v. Commissioner,68 T.C. 895 (1977); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207↩ (3d Cir. 1977). 5. The burden of proof is on petitioner to show that no part of the underpayments for 1975 or 1976 were due to negligence. Bixby v. Commissioner,58 T.C. 757, 791 (1972). None of petitioner's arguments relieve him of liability for the negligence penalties. Hatfield v. Commissioner,68 T.C. 895, 898↩ (1977). 6. The addition to tax for failure to pay estimated taxes is mandatory and unless petitioner shows that he fits within one of the exceptions listed in section 6654(d), it "is imposed whether or not there was reasonable cause for the underpayment." Sec. 1.6654-1(a)(1), Income Tax Regs.; Estate of Ruben v. Commissioner,33 T.C. 1071, 1072↩ (1960). Petitioner has failed to allege the applicability of any of the exceptions.