869 F.2d 594
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank Barrows JOHNSON, Sr.; Jeanette C. Johnson, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-1727.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 10, 1989.
Decided: Feb. 16, 1989.
Rehearing and Rehearing In Banc Denied March 24, 1989.
 
 Frank Barrows Johnson, Sr., appellant pro se.
 William Shepard Rose, Jr., Kenneth W. Rosenberg, Charles Edward Brookhart, Gary R. Allen (United States Department of Justice), for appellee.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Frank Barrows Johnson appeals the Tax Court's order of dismissal and decision sustaining a proposed income tax deficiency plus penalties and interest. We affirm.
 
 
 2
 It is well established that the burden of proof is on the taxpayer to prove the merits of his claim by a preponderance of the evidence. Helvering v. Taylor, 293 U.S. 507, 515 (1935); Rockwell v. Commissioner of Internal Revenue, 512 F.2d 882 (9th Cir.), cert. denied, 423 U.S. 1015 (1975). Here, Johnson failed to present any evidence to contest the deficiency, and at the hearing admitted that he did not contest the amount of the deficiency. We hold, therefore, that he failed to meet the necessary burden of proof.
 
 
 3
 Johnson's contention on appeal that the IRS treated him unfairly by denying him an administrative hearing is without merit. The IRS decision not to allow Johnson a hearing is a matter of agency discretion and was not a denial of due process inasmuch as the taxpayer had a full and fair hearing in the Tax Court. See Luhring v. Glotzbach, 304 F.2d 560 (4th Cir.1962); Rosenberg v. Commissioner of Internal Revenue, 450 F.2d 529 (10th Cir.1971).
 
 
 4
 Finally, Johnson's contention that the hearing should have been continued due to his physical and mental incapacity is without merit.
 
 
 5
 Accordingly, we affirm the Tax Court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.