**AMBER TRUCK LINES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 91–C–0976–S.**

United States District Court, D. Utah, C.D.

Sept. 4, 1992.

Craig P. Orrock, Edwin F. Guyon, Salt Lake City, Utah, for plaintiff.

David J. Jordan, U.S. Atty., Salt Lake City, Utah, Robert P. McIntosh, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION

SAM, District Judge.

### BACKGROUND

Plaintiff Amber Truck Lines ("Amber")[1] failed to withhold or pay employment taxes from the wages of its employees for certain quarters from 1985 through 1987.

After an investigation and audit, the Internal Revenue Service ("I.R.S.") determined that the individuals working for Amber were employees, not independent contractors, and that unpaid employment taxes were due.

---

1. The court is informed that, although Amber has operated as a Utah corporation since December 19, 1988, for the tax periods at issue (1985–1987) Amber was a d/b/a for Jack E. Price.

On May 3, 1989, the I.R.S. sent a letter informing the taxpayer of the proposed assessments and penalties. The letter also informed Amber that it could request an appeals conference within 30 days if it did not agree with the proposed assessment.

On June 2, 1989, Amber's attorney sent a letter requesting an appeals conference. The United States asserts that this letter was misaddressed, and thus did not reach the examination division until October 2, 1989.

In the meantime, on July 24, 1989, the tax and penalties as proposed were assessed. The United States asserts that notice and demand for payment were sent on this assessment date. Amber failed to pay the tax liability. Notices of Federal Tax Lien were filed on January 26, 1990.

On February 15, 1990, the I.R.S. assigned an appeals officer to handle the appeal. After letters and conferences between the parties, the taxpayer and the I.R.S. agreed to compromise the assessed tax liability in a letter dated December 13, 1990. Pursuant to the agreement, tax and interest were abated on February 25, 1991. Deposit and late filing penalties were abated on July 24, 1990. On April 10, 1991, the taxpayer paid the liability pursuant to the agreement, and on April 26, 1991, the liens were released.

Plaintiff filed this action on September 13, 1991 seeking damages for the I.R.S.'s failure to release lien and for unauthorized collection actions by the I.R.S. The United States moves for summary judgment on both claims.

### Failure to Release Liens

■ It is undisputed that the liens were released shortly after the compromised tax liability amount was paid. However, plaintiff contends that the liens were unenforceable because they were improperly filed and, thus, should have been released before the compromised liability was paid.[2] The

---

2. The United States urges that Mr. Ferrero's opposition memorandum to its Motion for Summary Judgment is void because the memorandum was not filed by plaintiff's attorneys of record. The court notes that plaintiff's prior

United States is required to release a lien once it is satisfied or becomes unenforceable. 26 U.S.C. § 6325(a).

■ The basis for plaintiff's argument appears to be the assertion that the relevant tax liens were filed contrary to 26 U.S.C. § 6303, which requires the government to provide notice of assessment and demand for payment within 60 days after the making of an assessment. A lien in favor of the United States arises upon all property and rights to property of a taxpayer upon the taxpayer's failure to pay any tax after demand. 26 U.S.C. § 6321.

The taxpayer and the government disagree about whether or not the notice requirement of 26 U.S.C. § 6303 was satisfied. Neither party can produce the letter which the government asserts is sufficient notice.

As a general rule the United States is entitled to "the presumption of official regularity," which is that " 'in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties.' " *United States v. Ahrens*, 530 F.2d 781, 785 (8th Cir.1976) (quoting *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6–7, 71 L.Ed. 131 (1926)). An officer of the I.R.S. certified on the Notice of Federal Tax Lien that "demand for payment of this liability has been made." That certification makes the presumption that notice was made even more compelling.

Because of the presumption of regularity and because the taxpayer asserts that notice and demand were not made, plaintiff bears the burden of establishing that timely notice and demand were not given. *Id.* Plaintiff has merely asserted that the requisite notice was not sent. The government contends, and the court agrees, that

at most, plaintiff's memorandum is a proffer of proof. "A proffer of proof is insufficient to defeat a motion for summary judgement." *Fausett v. American Resources Management Corp.*, 542 F.Supp. 1234, 1242 (D.Utah 1982). Thus, plaintiff has failed to overcome the presumption of government regularity and, therefore, the presumption that notice and demand for payment were timely given. Because plaintiff failed to pay the tax after demand, a lien on his property arose in favor of the United States. 26 U.S.C. § 6321. Thus, the court finds no merit in plaintiff's position that the liens were improperly filed and that the I.R.S. wrongfully failed to release them.

■ Additionally, the United States asserts that plaintiff was given actual notice that satisfies the requirement of 26 U.S.C. § 6303(a). Despite the various instances of "notice" that the taxpayer received (*See* Reply Memorandum at 7–8), plaintiff argues that no "formal" notice was given which would be sufficient to support the filing of the tax lien. However, the argument that only "formal" notice and demand for payment will support the subsequent filing of a Notice of Federal Tax Lien has been rejected. *Elias v. Connett*, 908 F.2d 521 (9th Cir.1990). If the notice contains "all the information required under 26 U.S.C. § 6303(a)" it is sufficient. *Id.* at 525. The statute merely requires that notice state the amount of tax liability and demand payment thereof. 26 U.S.C. § 6303(a). It is uncontroverted that plaintiff received such notice. This serves as an additional basis for the court's conclusion regarding the propriety of the liens.

Plaintiff also makes a Constitutional Due Process claim, apparently based on the assertion that, because plaintiff timely filed an appeal of the initial tax assessment (al-

---

attorneys of record had not been released at the time of filing of Mr. Ferrero's pleading, nor had Mr. Ferrero been substituted as counsel. However, the court further notes that the Rules of Practice of the United States District Court for the District of Utah, R. 103–3, provides that "[t]he filing of any pleading, unless otherwise specified, shall constitute an appearance by the person who signs such pleading, and such per-

son shall be considered counsel . . . of record in that matter." While it is not clear to the court, at this juncture, whether the local rules were totally complied with, in the interest of justice the court has considered the arguments of Mr. Ferrero on behalf of plaintiff. Inasmuch as the court's ruling favors the United States, no prejudice can be claimed.

though it was misaddressed and was delayed) all collection activities should, by I.R.S. procedures, have been suspended and no lien should have been filed. Plaintiff argues that this should at least "create questions of fact as to whether these violations of internal procedures amount to the negligence or recklessness under § 7433."

The court finds this argument meritless. Regulations adopted by the I.R.S. allow the taxpayer to request an appeals conference. *See* 26 C.F.R. § 601.106(b). However, those regulations "are not designed to protect the constitutional rights of the taxpayer". *Rosenberg v. Commissioner of Internal Revenue,* 450 F.2d 529, 533 (10th Cir. 1971).

*Unauthorized Collection Activity*

Plaintiff claims that he is entitled to damages because the United States "knowingly or by reason of negligence fail[ed] to release a lien under § 6325...." 26 U.S.C. § 7432(a). As discussed above, the court concludes that the tax liens were not improperly filed and, therefore, the I.R.S. did not wrongfully refuse to release them. Thus, plaintiff cannot maintain an action for damages.

Jack W. Selden, Sharon D. Simmons, U.S. Attorney's Office, Birmingham, Ala., for plaintiff.

Alberta Mauldin, pro se.

### CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment is granted.