# UNITED STATES COURT OF APPEALS
## TENHT CIRCUIT
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80257
### (303) 844-3157

Patrick J. Fisher, Jr.                                                                 Jane B. Howell
     Clerk                                                                       Chief Deputy Clerk

September 10, 2001

**TO:**   ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:**   00-9500, *Barrie v. FAA*
          Filed on August 10, 2001

          Please note the following corrections to the order and judgment:

          1.      On page 5, footnote 4 is renumbered as footnote 1

          2.      On page 6, footnote 5 is renumbered as footnote 2.

A copy of the corrected order and judgment is attached to this memorandum.

                                   Sincerely,
                                   Patrick Fisher, Clerk of Court

                                   By:

                                      Deputy Clerk

encl.

F I L E D
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

AUG 10 2001

**TENTH CIRCUIT**

PATRICK FISHER
Clerk

JON R. BARRIE,

     Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,

    Respondent.

No. 00-9500
(FAA Case No. 98NM070038)
(NTSB Docket No. SE-15159)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **MURPHY**, Circuit Judges, **VAN BEBBER**[**]

I. INTRODUCTION

The Federal Aviation Administration (FAA) suspended Jon R. Barrie's pilot

certificate for ninety days for violating the agency's regulations.  Barrie appealed

the suspension, and an administrative law judge on the National Transportation

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

Safety Board (NTSB) granted summary judgment to the FAA and reduced the suspension to sixty days. The full board affirmed this decision. Barrie appeals the FAA's suspension and the NTSB's grant of summary judgment. This court **affirms** the FAA's order of suspension and the NTSB's final order.

II. BACKGROUND

In November 1997, Barrie served as pilot-in-command on a flight from Billings, Montana to Provo, Utah. The aircraft Barrie piloted was authorized for single-pilot operations. Bill Distefano, a licensed airframe and powerplant mechanic and private pilot with a single-engine land rating, accompanied Barrie on the flight. Due to the aircraft's condition, the FAA issued a special flight permit which authorized the flight to Provo where it could be repaired. The permit limited occupancy of the aircraft "to the pilot, essential flight crew and personal baggage."

Prior to the aircraft's departure from Billings, two FAA inspectors observed Barrie, Distefano, and a mechanic reconfiguring the aircraft for the flight. The inspectors captured the reconfiguration on videotape. Although the investigators suspected that Barrie might violate the special flight permit by permitting unauthorized passengers on the aircraft, at no time did they discuss their concerns with Barrie or Distefano.

In February 1998, Barrie was notified of the FAA's decision to suspend his Airline Transport Pilot Certificate. The FAA charged Barrie with transporting an unauthorized passenger, Bill Distefano, in violation of the special flight permit. By not complying with the requirements of the special flight permit, Barrie violated FAA regulations section 91.7(a), operation of a civil aircraft in unairworthy condition, and section 91.9(a), operation of a civil aircraft without complying with the operating limitations for the aircraft. Accordingly, the FAA suspended Barrie's pilot certificate for ninety days. Barrie appealed the FAA's order of suspension to the NTSB. Discovery commenced shortly thereafter.

In June 1998, the FAA filed a motion for summary judgment, which was supported by affidavits of the two inspectors who had observed Barrie in Billings on the day of the flight. Barrie filed a memorandum in opposition to the motion for summary judgment along with a personal affidavit in support of his submission. Barrie also filed a cross-motion for summary judgment and the affidavit of Bill Distefano.

In August 1998, Administrative Law Judge Geraghty ("ALJ") granted the FAA's motion for summary judgment and denied Barrie's cross-motion for summary judgment. The ALJ also modified the period of suspension from ninety days to sixty days. Barrie appealed the decision to the entire NTSB. In November 1999, the NTSB affirmed the ALJ's order. Pursuant to 49 U.S.C. §§

1153(a) and 46110(a), Barrie appealed the FAA's order of suspension and the NTSB's final order to this court.

On appeal, Barrie raises three issues: (1) the NTSB erred in ruling that the special flight permit did not authorize Distefano's presence aboard the flight; (2) the safety inspectors violated federal law and FAA policy, thereby invalidating the suspension of Barrie's pilot certificate; and (3) the procedures followed by the NTSB deprived Barrie of due process and violated his Seventh Amendment right to a jury trial.

III. DISCUSSION

In reviewing NTSB decisions, this court must determine whether they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Hernandez v. Nat'l Transp. Safety Bd.*, 15 F.3d 157, 158 (10th Cir. 1994). Pure legal conclusions are reviewed *de novo*. *See Pinney v. Nat'l Transp. Safety Bd.*, 993 F.2d 201, 203-04 (10th Cir. 1993).

A. Essential Flight Crew

Barrie claims he was deprived of due process because the special flight permit failed to give him notice of the conduct expected by the FAA. Barrie's claim turns on the definition of "essential flight crew." The special flight permit limited the occupancy of the aircraft to "the pilot, essential flight crew and personal baggage." The Code of Federal Regulations defines the phrase

"flightcrew member" as "a pilot, flight engineer, or flight navigator assigned to duty in an aircraft during flight time." 14 C.F.R. § 1.1. Barrie argues that the phrase "essential flight crew" includes a broader category of people than the category of people contemplated by the phrase "flightcrew member" and that Distefano qualified as "essential flight crew."[1]

In his decision, the ALJ rejected Barrie's interpretation of the phrase "essential flight crew." The ALJ determined that the word "essential" simply limited the phrase "flight crew" and restricted the category of people authorized to occupy the aircraft to those individuals who were either pilots, flight engineers, or flight navigators whose presence aboard the flight was indispensable to accomplish the flight. The ALJ concluded that Distefano did not qualify as essential flight crew, and therefore granted summary judgment on the issue of Barrie's violations of the FAA regulations. The NTSB affirmed the ALJ's decision.

This court defers to the NTSB's interpretation of a statute or regulation if the interpretation is "not clearly contrary to the 'plain and sensible meaning' of the statute or regulation . . . and such interpretation involves an area within the particular expertise of the agency." *Hill v. Nat'l Tranps. Safety Bd.*, 886 F.2d

---

[1] Barrie does not argue that Distefano falls under the regulatory definition of "flightcrew member."

1275, 1278 (10th Cir. 1989) (citations omitted). Barrie provides this court with no compelling reason to disagree with the NTSB's interpretation of "essential flight crew," nor any persuasive evidence that he had no notice of the conduct expected by the FAA. Thus, this court holds that Barrie was not deprived of his due process.

## B. Inspectors' Alleged Violations of Federal Law and FAA Policies

Barrie challenges the suspension of his pilot certificate from another angle. He claims the inspectors failed to comply with federal law and FAA policy and that this failure precludes suspension of his pilot certificate. Specifically, Barrie asserts the inspectors failed to: (1) advise and cooperate with him during their inspection of the aircraft in violation of 49 U.S.C. § 44713(b); (2) take appropriate steps to prevent a potential regulatory violation in contravention of FAA Order 2150.3A; and (3) immediately notify Barrie that the aircraft was not in safe operating condition in violation of FAA Order 8300.10 and FAA Order 8400.10.[2] He further argues the inspectors conducted a "stake-out" and allowed Barrie to violate the FAA regulations in contravention of FAA Order 8700.1. This court need not decide whether the inspectors violated federal law or FAA policy because neither 49 U.S.C. § 44713(b) nor the FAA policies conferred a

---

[2] This court agrees with the FAA that by not raising the 8400.10 violation below Barrie waives it on appeal. *See City of Stilwell, Okla. v. Ozarks Rural Elec. Coop. Corp.*, 166 F.3d 1064, 1073 (10th Cir. 1999).

right upon Barrie that would warrant a reversal of the suspension of his pilot certificate.

To support his argument, Barrie relies on the Supreme Court's decision in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). *Accardi* stands for the proposition that an agency must adhere to its own rules and regulations when an individual's due process interests are implicated. *See* 347 U.S. at 266-68. This court has indicated that the *Accardi* holding applies to regulations that exist to protect the rights of those regulated by the agency. *See Rosenberg v. Comm'r*, 450 F.2d 529, 532 (10th Cir. 1971); *United States v. Lockyer*, 448 F.2d 417, 420-21 (10th Cir. 1971). Thus, *Accardi* would apply in this case if the federal law and FAA policies in question existed to protect the rights of aircraft operators.

The case presently before this court, however, is distinguishable from *Accardi* and its progeny. Without deciding whether 49 U.S.C. § 44713(b) and the FAA orders on which Barrie relies apply to the inspectors in this case, it is apparent that none exist to protect the rights of aircraft operators. The federal statute on which Barry relies, 49 U.S.C. § 44713(b), describes the duties of safety inspectors. The provision provides that the FAA Administrator shall employ inspectors to inspect aircrafts for safety purposes and to advise and cooperate

with air carriers during the inspections. *See* 49 U.S.C. § 44713(b). The statute affords aircraft operators no procedural protections or substantive rights.

Similarly, the FAA orders do not provide aircraft operators with any rights; the orders exist as guides to inspectors. FAA Order 2150.3A describes the "authority[,] responsibilities, policies, guidelines, procedures, objectives, and legal aspects of the Federal Aviation Administration's Compliance and Enforcement Program." FAA Order 2150.3A, Ch. 1, ¶ 100 (1988). The purpose of the order is to aid inspectors in carrying out FAA policies. *See id.* Both FAA Order 8300.10 and FAA Order 8700.1 are inspectors' handbooks. FAA Order 8300.10, the Airworthiness Inspector's Handbook, "directs the activities and provides guidance for Airworthiness Aviation Safety Inspectors." Vol. 1, at 1-1 (1992). FAA Order 8700.1, the General Aviation Operations Inspector's Handbook, directs the activities and provides guidance for General Aviation Operations Inspectors. *See* Vol. 1, at 1-1 (1991). The stated purpose of both handbooks is simply to provide guidance to inspectors. Unlike other cases in which *Accardi* applies, these three orders do not purport to provide aircraft operators with any procedural or substantive rights. *See e.g., Rosenberg*, 450 F.2d at 532 (distinguishing case from First Circuit decision applying *Accardi* in which agency guideline served to protect the constitutional rights of taxpayers).

In his brief, Barrie points to no right that federal law or FAA orders conferred upon him. The authority most certainly did not endow Barrie with a right to be notified of a potential violation of the FAA regulations. Thus, even if the inspectors violated the law and policies in question, the violations do not bear on the propriety of Barrie's suspended pilot certificate.

C. Due Process and Right to Jury Trial

Barrie claims the absence of a hearing on the motions for summary judgment deprived him of due process. Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party's right to a hearing may be satisfied by a court's review of documentary evidence. *See Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988). Prior to the NTSB's grant of summary judgment, Barrie had the opportunity to refute the facts alleged by the FAA and to raise issues of material fact in his submissions to the NTSB. His failure to do so led the NTSB to rule that Distefano was not essential flight crew as a matter of law and that there were no issues of material fact regarding Barrie's violations of the FAA regulations. This court finds no error in the procedures followed by the

NTSB and therefore concludes that Barrie was not deprived of his right to due process.

Barrie further argues that his Seventh Amendment right to a jury trial was violated. Although Barrie agreed to drop this issue at oral argument, it is worth noting that this court has previously concluded that "[a]dministrative proceedings regarding suspension of a pilot certificate involve the special expertise of the FAA and are not suits at common law for which a jury trial is required." *Hill*, 886 F.2d at 1282.

## IV. CONCLUSION

For the reasons stated above, this court **AFFIRMS** the FAA's order of suspension and the NTSB's final adjudicative order.

Entered for the Court


Michael R. Murphy
Circuit Judge

No. 00-9500, *Barrie v. FAA*

**HENRY**, J., concurring.

I join this opinion, but not without some indigestion. My discomfort comes not from my brethren's correct exposition of the law, but from the action--or rather, the inaction--of the FAA in this case.

Although the opinion correctly states our required deference, and although I acknowledge that deference is especially important in the regulation of aircraft vis-a-vis the FAA, it seems strange that the investigators here (1) never informed Mr. Barrie of their concerns about Mr. Distefano accompanying him, and (2) they happened to have a video camera ready to film.

One wonders if this entire matter could have been prevented by a simple cautionary word from the Aviation Safety inspectors here. See FAA Compliance and Enforcement Program, FAA Order 2150.3A, p. 13 ¶ 203(a) ("In any situation where Aviation Safety Inspectors identify a potential violation they should take appropriate steps to prevent it [including] notify[ing] the air carrier . . . .").