66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel F. PIRO, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD, Respondent.
 No. 94-70038.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 15, 1995.
Decided Sept. 13, 1995.
 
 Before: FLETCHER, POOLE and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Daniel F. Piro appeals an order of the National Transportation Safety Board ("NTSB") upholding the Federal Aviation Administration's ("FAA") emergency order revoking his commercial pilot certificate on the grounds that he was convicted for possessing cocaine for sale. Piro argues that the NTSB abused its discretion in affirming the revocation of his commercial pilot certificate because his drug offense was not aircraft-related. He also argues that the license revocation constitutes multiple punishment in violation of the Constitution's ban against double jeopardy. We have jurisdiction pursuant to 49 U.S.C. Sec. 1486(a) (1988), and we affirm.[1]
 
 I. FACTS
 
 3
 On the night of November 9, 1989, Sheriff's deputies at the Nevada County Airport near Nevada City, California observed Piro and another man exit from a pickup truck, walk to an aircraft, and walk back to and enter the pickup truck. A consensual search revealed 1093 grams of cocaine in the truck, and $5200 on Piro's person. Piro was convicted by guilty plea in California Superior Court on May 14, 1990 for possession for sale of 28.5 grams or more of cocaine in violation of Cal. Health and Safety Code Sec. 11351. He appealed.[2] On December 19, 1991, the California Court of Appeals affirmed his conviction. Piro was sentenced to two years imprisonment and was ordered to pay $5000 restitution. He served 15 months in prison and is now serving three years probation.
 
 
 4
 While his appeal was pending, on April 5, 1991, Piro filed an application for a second class airman medical certificate. He stated on the application that he had no convictions other than traffic convictions, and signed the application after his doctor wrote on it that there had been "no changes" from his previous application in 1987.
 
 
 5
 On October 1, 1993, the FAA Administrator issued an emergency order revoking Piro's commercial pilot and medical certificates after it was discovered that Piro had been convicted for possession of cocaine for sale and omitted this conviction from his application for the medical certificate. The Administrator found that Piro violated Federal Aviation Regulation ("FAR") Sec. 61.15, which provides that "[a] conviction for the violation of any federal or state statute relating to the growing, manufacture, sale, disposition, possession, transportation or importation" of illegal drugs is grounds for "suspension or revocation of any certificate or rating issued under this part." See 14 CFR Sec. 61.15 (1989). The Administrator also found that Piro violated FAR Sec. 67.20, which prohibits the making of "[a]ny fraudulent or intentionally false statement on any application for a medical certificate," and makes such a violation the "basis for suspending or revoking any airman, ground instructor, or medical certificate or rating held by that person." See 14 CFR Secs. 67.20(a)(1), (b) (1989).
 
 
 6
 Piro appealed the Administrator's decision. The ALJ entered a decision on November 22, 1993, finding that Piro did not intentionally falsify his application and that his drug offense did not involve an aircraft. The ALJ reduced his sentence to a 180 day suspension of his commercial pilot certificate.[3]
 
 
 7
 The Administrator appealed the ALJ's decision to the NTSB. The NTSB reversed the ALJ's decision on December 15, 1993 and reinstated the Administrator's order revoking Piro's commercial pilot certificate. The NTSB found that, whether or not an airplane was involved, Piro's possession of drugs for commercial sale was serious enough to draw into question his qualification to hold a commercial pilot certificate, since it demonstrated a lack of the necessary care, judgment and responsibility a certificate holder must possess.
 
 II. STANDARD OF REVIEW
 
 8
 We review the NTSB order in accordance with the Administrative Procedure Act. Howard v. FAA, 17 F.3d 1213, 1215 (9th Cir.1994). Our review of the NTSB is "narrowly circumscribed." Olsen v. NTSB, 14 F.3d 471, 474 (9th Cir.1994) (quoting Janka v. DOT, NTSB, 925 F.2d 1147, 1149 (9th Cir.1991)). "We will affirm unless the NTSB's order is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.' " Olsen, 14 F.3d at 474 (quoting 5 U.S.C. Sec. 706(2)(A)); accord Howard, 17 F.3d at 1215.
 
 III. PROPRIETY OF REVOCATION
 
 9
 Although FAR Sec. 61.15(a) specifically authorizes either suspension or revocation of a pilot certificate when the holder is convicted of a state or federal crime relating to narcotics distribution, Piro maintains that revocation of his commercial pilot certificate was an excessive sanction because revocation is generally reserved for cases involving the use of an airplane. See Essery v. DOT, NTSB, 857 F.2d 1286, 1291 (9th Cir.1988) (FAA policy mandates uniformity of sanctions for similar violations). We disagree. The NTSB has broad discretion to decide the appropriate sanction for violation of FAA regulations. Cobb v. NTSB, 572 F.2d 202, 204 (9th Cir.1977) (per curiam). FAR Sec. 61.15(a) expressly authorizes either revocation or suspension of the infractor's certificate. This express approval of revocation as a sanction for narcotics violations not involving the use of an aircraft "helps to establish that revocation for such violations is consistent with the sanctioning policy of the FAA, and it puts all certificate holders on notice of that consistency." Kolek v. Engen, 869 F.2d 1281, 1285 (9th Cir.1989). The NTSB did not abuse its broad grant of discretion in finding that a conviction for possession for sale of cocaine that did not involve the use of an aircraft warranted revocation. Id. at 1285. Therefore, the NTSB's ruling on this issue is affirmed.
 
 IV. DOUBLE JEOPARDY
 
 10
 Piro argues that revocation of his license is a retributive measure that serves no legitimate remedial purpose and thus constitutes multiple punishment in violation of the Double Jeopardy Clause of the Fifth Amendment. We review the revocation to determine whether that sanction is excessive in relation to its non-punitive purpose. United States v. Halper, 490 U.S. 435, 448-49 (1989). We find that the sanction is not excessive. There is a reasonable relationship between a conviction for violating a drug law and flight safety. See 38 Fed.Reg. 17,491 (1973) (conviction for violating drug law clearly demonstrates a "tendency to act without inhibition in an unstable manner without regard to the rights of others"); Pinney v. NTSB, 993 F.2d 201, 203 (10th Cir.1993) ("[I]t is reasonable to conclude that a pilot who has violated a drug trafficking statute is also likely to violate regulations concerning air safety."). The civil penalty assessed against Piro bears a rational relationship to the government's interest in promoting air safety. See United States v. Walker, 940 F.2d 442, 444 (9th Cir.1991). Therefore, Piro's double jeopardy argument fails.
 
 
 11
 The order of the NTSB affirming the revocation of Piro's commercial pilot certificate is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We therefore need not reach Piro's request for attorneys' fees pursuant to 28 U.S.C. Sec. 2412(D)(1)
 
 
 [2]
 California Penal Code Sec. 1538.5(m) permits a defendant who has moved to suppress evidence prior to conviction to seek review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty
 
 
 [3]
 The ALJ did not suspend Piro's medical certificate because it had expired prior to November 22, 1993