**UNITED STATES COURT OF APPEALS**
**Filed 7/10/96**
**FOR THE TENTH CIRCUIT**

_____

MICHAEL A. BEAUCHEMIN,                    )
                                          )
    Petitioner,                           )
                                          )
v.                                        )          No.95-9534
                                          )          FAA No. SE-13814
NATIONAL TRANSPORTATION SAFETY            )
BOARD, FEDERAL AVIATION                   )
ADMINISTRATION,                           )
                                          )
    Respondents.                          )

_____

**ORDER AND JUDGMENT***

_____

Before **SEYMOUR, BARRETT, and LIVELY***, Circuit Judges.

_____

**BARRETT**, Senior Circuit Judge.

_____

*The Honorable Pierce Lively, Senior Judge, United States Circuit Court of Appeals for the Sixth Circuit, sitting by designation.

_____

    Michael A. Beauchemin (Beauchemin) appeals from an order of the National Transportation Safety Board (NTSB) affirming an order of the Federal Aviation Administration (FAA) revoking his private pilot certificate.

<u>Facts</u>

    On April 12, 1991, Beauchemin was convicted upon his plea of

_____

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

guilty of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848. In his plea, Beauchemin admitted that between 1983 and 1988 he served as an organizer, supervisor, or manager of at least five other people involved in the importation, possession with intent to distribute, and distribution of 24,000 pounds of marijuana. Based on his conduct, he was sentenced to imprisonment for seven years followed by five years of supervised release.

On September 23, 1994, the FAA issued an order revoking Beauchemin's private pilot certificate, No. 2392742, pursuant to 49 U.S.C. § 44709(b), based on Beauchemin's conviction. The FAA concluded that Beauchemin's conviction demonstrated that he lacked the degree of care, judgment, and responsibility required of a certificate holder under 14 C.F.R. § 61.15(a)(2); therefore, he lacked the qualifications to hold a pilot certificate.

Beauchemin appealed the FAA's revocation order to the NTSB. In his answer, Beauchemin admitted the factual allegations in the FAA's complaint, including that he was convicted of engaging in a continuing criminal enterprise.

On January 13, 1995, the Administrative Law Judge (ALJ) granted the FAA's November 22, 1995, motion for summary judgment and affirmed the FAA's revocation of Beauchemin's pilot certificate. On January 19, 1995, the NTSB denied Beauchemin's appeal and affirmed the ALJ's initial decision affirming the FAA's

revocation order.  <u>Administrator v. Beauchemin</u>, N.T.S.B. Order No. EA-4371 (1995).

Discussion

On appeal, Beauchemin contends that revocation of his pilot certificate based on his prior conviction is punitive and, thus, constitutes multiple punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment.  We derive our authority to consider Beauchemin's constitutional arguments from 5 U.S.C. § 706(2)(B), and we review the NTSB's interpretation of constitutional or statutory provisions <u>de</u> <u>novo</u>.  <u>Bennett v. N.T.S.B.</u>, 66 F.3d 1130, 1136 (10th Cir. 1995).

"[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense."  <u>United States v. Halper</u>, 490 U.S. 435, 440 (1989).  In <u>Halper</u>, the Court noted that in making a double jeopardy assessment, "the labels 'criminal' and 'civil' are not of paramount importance."  <u>Id</u>. at 447.  The test of "whether a civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve."  <u>Id</u>. at 448.

The FAA revoked Beauchemin's pilot certificate pursuant to 14 C.F.R. § 61.15(a)(2), FAR § 61.15(a)(2).  Section 61.15(a)(2)

- 3 -

provides that a pilot's certificate may be revoked or suspended if the certificate holder has been convicted of a federal or state crime involving a controlled substance. Beauchemin does not dispute that he was convicted of engaging in a continuing criminal enterprise with the intent to possess and distribute 24,000 pounds of marijuana.[1] Beauchemin's sole challenge is that revocation of his pilot certificate after he has been convicted and sentenced for the criminal offense is a second punishment which constitutes double jeopardy.

In Pinney v. N.T.S.B., 993 F.2d 201, 203 (10th Cir. 1993), we concluded that "it is reasonable to conclude that a pilot who has violated a drug trafficking statute is also likely to violate regulations concerning air safety." See 38 Fed. Reg. 17,491 (1973) (conviction for violating drug law clearly demonstrates a "tendency to act without inhibition in an unstable manner without regard to the rights of others"). Therefore, the civil penalty assessed against Beauchemin bears a reasonable relationship to the government's interest in promoting air safety.

Revocation of a pilot certificate "is a remedy imposed to enhance air safety and to promote the public interests." Kolek v.

_____

[1] It is undisputed that Beauchemin did not "use" his pilot certificate in the commission of his offense. However, § 61.15(a)(2) does not contain a "use" requirement, Hernandez v. N.T.S.B., 15 F.3d 157, 159 (10th Cir. 1994); therefore, use is irrelevant to the issue of whether the regulation is remedial or punitive for double jeopardy analysis.

Engen, 869 F.2d 1281, 1288 (9th Cir. 1989). We agree. Therefore, Beauchemin's double jeopardy argument fails.

The order of the NTSB affirming the revocation of Beauchemin's pilot certificate is **AFFIRMED**.

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge