United States Court of Appeals,

Eleventh Circuit.

No. 96-5137

Non-Argument Calendar.

Anton G. ZUKAS, Petitioner,

v.

David R. HINSON, Administrator, Federal Aviation Administration, Respondent.

Oct. 21, 1997.

Petition for Review of a Final Order of the National Transportation Safety Board.

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

BIRCH, Circuit Judge:

In this petition for review of a final order by the National Transportation Safety Board ("NTSB"), we determine whether revocation of a commercial pilot certificate by the Federal Aviation Administration ("FAA") after petitioner's conviction of a drug crime that involved an aircraft and sentence of imprisonment violates the *ex post facto* and double jeopardy prohibitions under the federal Constitution. Additionally, we review procedural challenges. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 5, 1986, petitioner, Anton G. Zukas, piloted a Piper Navajo, civil aircraft on a flight from Miami, Florida, to Austin, Texas. When the plane was searched by a Drug Enforcement Administration agent, two bags of cocaine were found. Zukas was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1)[1] and

---

[1]Under § 841(a)(1), it is "unlawful for any person *knowingly or intentionally* ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1) (emphasis added). In his petition to this court, Zukas has abandoned his argument before the NTSB that the FAA Administrator failed to prove that he acted knowingly or willfully in violating the applicable statutory and regulatory provisions. *See Rogero v. Noone,* 704 F.2d 518, 520 n. 1 (11th Cir.1983)(stating that issues that are not pursued on appeal are deemed abandoned).

846 in the United States District Court for the Western District of Texas.[2]  He was sentenced to fifteen years of imprisonment and a fine of $10,000.00.  The Fifth Circuit Court of Appeals affirmed his conviction.  *See United States v. Zukas,* 843 F.2d 179 (5th Cir.1988).

Because of Zukas's drug conviction in connection with his operation of an aircraft transporting cocaine, the Administrator of the FAA revoked his Commercial Pilot Certificate No. 263743302 pursuant to 49 U.S.C. §§ 44709 (1994)[3] and 14 C.F.R. § 61.15(a) (1995)[4] on May 11, 1995.  Zukas appealed the revocation of his commercial pilot certificate to the NTSB and requested a hearing with an administrative law judge ("ALJ").  The FAA Administrator filed the revocation order as the agency's complaint in the appeal and moved for summary judgment.  Although Zukas conceded his conviction, he filed a motion to dismiss and argued that the FAA Administrator had failed to prove that the revocation of Zukas's pilot certificate was warranted under 49 U.S.C. § 44709 and 14 C.F.R. § 61.15(a) and that the revocation order was barred by the six-month limitations period.  He also asserted that the revocation order violated the constitutional protection against *ex post facto* laws and that it constituted multiple punishment in violation of the Double Jeopardy Clause.  The ALJ determined that the revocation of Zukas's pilot certificate was warranted, but he reserved judgment as to the appropriate sanction.  Thus, the ALJ granted partial summary judgment for the FAA Administrator and set a hearing to decide the sanction issue.  The ALJ denied Zukas's motion to dismiss.  Zukas then filed a notice of appeal to the full board of the NTSB.

---

[2]The facts concerning Zukas's participation in the cocaine trafficking conspiracy are recounted in the Fifth Circuit's opinion affirming his conviction.  *See United States v. Zukas,* 843 F.2d 179, 180-81 (5th Cir.1988).

[3]3 Section 44709(b)(1)(A) authorizes the FAA Administrator to revoke a pilot certificate if he "decides after conducting a[n]. ... investigation that safety in air commerce or air transportation and the public interest require that action."  49 U.S.C. § 44709(b)(1)(A).

[4]Section 61.15(a) provides that the FAA Administrator may revoke a certificate if a pilot is convicted of an offense relating to transporting or importing controlled substances.  In relevant part, § 61.15 provides that "[a] conviction for the violation of any Federal or state statute relating to the growing, processing, manufacture, sale, disposition, possession, transportation, or importation" of controlled substances "is grounds for ... [s]uspension or revocation of any certificate or rating issued under this part."  14 C.F.R. 61.15(a)(2).

2

During the proceedings before the ALJ, the FAA Administrator issued an amended revocation order. The ALJ, however, did not receive this order before ruling on the parties' motions. The only difference between the original and amended orders was an additional statutory basis for the revocation of Zukas's pilot certificate, 49 U.S.C. § 44710(b).[5] Zukas filed a separate notice of appeal from the amended order and, alternatively, requested that the order be joined with his appeal from the ALJ's decision. He also filed a motion to dismiss the amended order as untimely, duplicitous, and barred because of his appeal to the full board of the NTSB. The FAA Administrator filed a copy of the amended revocation order as his amended complaint and an amended summary judgment motion. The ALJ vacated only the part of his earlier order granting partial summary judgment to the FAA Administrator. Treating Zukas's notice of appeal as a request for an interlocutory appeal, the ALJ refused to certify the record for the appeal, and he denied Zukas's motion to dismiss the FAA Administrator's amended complaint.

The ALJ subsequently granted summary judgment for the FAA Administrator based on the undisputed allegations of the amended complaint and 49 U.S.C. § 44710(b). Zukas appealed to the full board of the NTSB and made the same arguments advanced to the ALJ. The NTSB denied the appeal, adopted the ALJ's order denying Zukas's motion to dismiss, and affirmed the ALJ's decision because of its conclusion that Zukas's pilot certificate was revocable under 49 U.S.C. § 44710(b) and

---

[5]Section 44710(b) mandates that the FAA Administrator revoke the certificate of a pilot

> convicted, under a law of the United States or a State related to a controlled substance ... of an offense punishable by death or imprisonment for more than one year if the Administrator finds that—
>
> (A) an aircraft was used to commit, or facilitate the commission of, the offense; and
>
> (B) the individual served as an airman, or was on the aircraft, in connection with committing, or facilitating the commission of, the offense.

49 U.S.C. § 44710(b).

14 C.F.R. 61.15(a). Zukas petitions this court for review of the final order by the NTSB that affirmed summary judgment granted to the FAA.

## II. ANALYSIS

A. *Review Standards*

This court has jurisdiction to review a final order of the NTSB. *See* 49 U.S.C. § 1153(a); *Oceanair of Florida, Inc. v. National Transp. Safety Bd.,* 888 F.2d 767, 768 (11th Cir.1989) (stating that the revocation of an operating certificate by the NTSB is "directly appealable to this court"). We uphold a decision by the NTSB unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or the challenged decision is "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(A), (B). "[W]hen reviewing an agency decision under the "arbitrary and capricious' standard, we must defer to the wisdom of the agency provided [its] decision is reasoned and rational"; we are not authorized to substitute our judgment for that of the agency. *McHenry v. Bond,* 668 F.2d 1185, 1190 (11th Cir.1982). The NTSB has "broad discretion" in its determination of the appropriate sanction for violation of FAA regulations. *Cobb v. National Transp. Safety Bd.,* 572 F.2d 202, 204 (9th Cir.1977) (per curiam). The factual findings of the NTSB are binding on this court if supported by substantial evidence. *See* 49 U.S.C. § 46110(c). We review the interpretation of constitutional and statutory provisions by the NTSB *de novo. See Bennett v. National Transp. Safety Bd.,* 66 F.3d 1130, 1136 (10th Cir.1995); *see also Essery v. National Transp. Safety Bd.,* 857 F.2d 1286, 1288 (9th Cir.1988) (holding that a court of appeals reviews *de novo* purely legal questions).

B. *Procedural Challenges*

1. Notice

Zukas argues that the FAA Administrator's amended order of revocation violated the notice requirement of 49 U.S.C. § 44709(d) because it was issued after he appealed to the full board of the NTSB. Zukas received notice prior to the revocation of his commercial pilot certificate and appealed to the NTSB in accordance with 49 U.S.C. §§ 44709(c), (d) and 44710(c), (d), which provide that

4

the FAA notify the holder of a pilot certificate of the charges against him, allow the holder an opportunity to be heard before issuing a revocation order, and permit the holder to appeal the order to the NTSB. Furthermore, when Zukas appealed the ALJ's decision to the full board of the NTSB, the ALJ had granted only partial summary judgment and had set a hearing to determine the appropriate sanction; the ALJ had not entered a final decision. Under the administrative regulations, the ALJ's ruling on the parties' motion may not be appealed until the ALJ considers the entire proceedings or certifies the record for an appeal to the full board of the NTSB. *See* 49 C.F.R. §§ 821.16, 821.35(a), 821.41, 821.47 (1995). In this case, the ALJ had retained jurisdiction and had not certified the record to the NTSB at the time that the FAA Administrator filed the agency's amended complaint.

Furthermore, Zukas's reliance on *Oceanair* is misplaced. In *Oceanair*, this court determined that the FAA violated section 609(a) of the Federal Aviation Act of 1958, 49 U.S.C. § 1429(a) (recodified as amended at 49 U.S.C. §§ 44709(c), (d) & 44710(c), (d) (1994)) "by amending its complaint against Oceanair at the appeal stage *to include new charges* and a revised order without first granting *Oceanair* an opportunity to be heard by the FAA on the *new charges.*" *Oceanair*, 888 F.2d at 768-69 (emphasis added). Unlike the complaint in Oceanair, the FAA's amended order of revocation against Zukas was identical to the original revocation order, except that it added 49 U.S.C. § 44710(b) to augment 14 C.F.R. § 61.15(a) in requiring revocation of a pilot's operating certificate when the holder is convicted of a federal or state crime related to controlled substances. Therefore, we find no merit in Zukas's contention that the FAA Administrator's amended order of revocation violated 49 U.S.C. §§ 44709(c), (d) and 44710(c), (d).

2. Timeliness of the Pilot Certificate Revocation Order

Zukas also argues that the FAA failed to issue its pilot certificate revocation order within six months of the time that the FAA knew or should have known that his conviction was the basis

5

for revocation.[6] Section 821.33 of the NTSB's Rules of Practice in Air Safety Proceedings, known as the "stale complaint rule," provides that "[w]here the [FAA's] complaint states allegations of offenses which occurred more than 6 months prior to the Administrator's advising [the pilot certificate holder] as to reasons for proposed action ... [the pilot certificate holder] may move to dismiss such allegations...." 49 C.F.R. § 821.33. By its specific terms, however, the stale complaint rule is preempted when there are allegations of the pilot certificate holder's lack of qualifications.[7] *See id.* § 821.33(a), (b). Since, under 49 U.S.C. § 44710 and 14 C.F.R. § 61.15(a), the FAA Administrator may revoke a pilot certificate if the holder is convicted of a crime related to the transporting of controlled substances, Zukas's conviction for conspiracy to possess and to distribute cocaine implicated his qualifications to retain his pilot certificate. We defer to an administrative agency's reasonable interpretation of its own regulations. *See Georgia Pacific Corp. v. Occupational Safety & Health Review Comm'n,* 25 F.3d 999, 1004 (11th Cir.1994) (per curiam). Because the FAA Administrator's complaint concerned Zukas's qualifications to hold a pilot certificate, the six months limitations period established in 49 C.F.R. § 821.33 is inapplicable, and the ALJ correctly denied Zukas's motion to dismiss the FAA Administrator's complaint as untimely.

---

[6]Zukas raises for the first time on appeal that the pilot certificate revocation order was untimely under the two-year statute of limitations in 49 U.S.C. § 46301(d)(7)(C) and that the FAA Administrator's claim of lack of qualifications is an attempt to circumvent the stale complaint rule. Because Zukas failed to raise these objections before the ALJ or the NTSB, we need not address them. *See* 49 U.S.C. § 46110(d). Significantly, § 46301 applies generally to civil monetary penalties imposed by the FAA and not to revocations of certificates. Section 46301(d)(7)(A) specifically states that the FAA Administrator may impose a civil penalty, after notice and an opportunity to be heard, on individuals who are not acting as FAA certificate holders. *See* 49 U.S.C. § 46301(d)(7)(A) ("The [FAA] Administrator may impose a penalty on an individual (*except an individual acting as a pilot,* flight engineer, mechanic, or repairman) only after notice and an opportunity for a hearing on the record." (emphasis added)). By its explicit terms, § 46301(d)(7)(C) is unrelated and inapplicable to FAA revocations of pilot certificates.

[7]When the complaint alleges the pilot certificate holder's lack of qualifications, on the certificate holder's motion, the ALJ is required to determine initially whether the complaint presents an issue of lack of qualifications "if any or all of the allegations, stale and timely, are assumed to be true." 49 C.F.R. § 821.33(b)(1). If an issue of lack of qualifications is presented by the complaint, then the matter proceeds to a hearing on the issue of the certificate holder's qualifications. *See id.* § 821.33(b)(2).

C. Ex Post Facto *Concern*

Zukas contends that the FAA's retroactive application of 49 U.S.C. §§ 44709 and 44710, which were enacted in 1994, over seven years after his 1987 conviction, was an unconstitutional *ex post facto* violation.[8] *See Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987) (explaining that the *Ex Post Facto* Clause applies only to retrospective laws). Section 44710(b) requires the FAA Administrator to revoke the pilot certificate of an individual who is convicted of a federal or state statute related to a controlled substance, other than simple possession, if an aircraft was used to commit or to facilitate the crime and the certificate holder served as an airman or was on the aircraft involved in the drug crime. The policy of revoking a pilot certificate because of a holder's conviction for drug trafficking by aircraft predates the recodification that became section 44710(b). In 1984, Congress amended the Federal Aviation Act of 1958 by enacting the Aviation Drug-Trafficking Control Act, which is the basis for 49 U.S.C. § 44710, "to provide for the revocation of the airman certificates and for additional penalties for the transportation by aircraft of controlled substances." Pub.L. No. 98-499, 98 Stat. 2312, 2312 (1984). The original 1984 legislation expressly provided that it was applicable to actions and violations occurring after the date of enactment, October 19, 1984. *See* Pub.L. No. 98-499, § 7, 98 Stat. at 2316. Contrary to Zukas's argument, Congress mandated the revocation of pilot certificates for holders' convictions for drug crimes prior to Zukas's November 5, 1986, drug trafficking that was the basis of his conviction.

Significantly, neither section 44709 nor section 44710 was enacted as new law in 1994. Instead, these statutes were recodified as part of the legislative revisions of Title 49 of the United States Code on July 5, 1994. *See* Pub.L. No.103-272, 108 Stat. 745 (1994). The purpose of this recodification was "*to restate* in comprehensive form, *without substantive change,* certain general and permanent laws related to transportation and to enact those laws as subtitles II, III, and V-X of

---

[8]The *Ex Post Facto* Clause states: "No ... ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

title 49, United States Code, and to make other technical improvements in the Code." H.R.Rep. No. 103-180, at 1 (1993) (emphasis added), *reprinted in* 1994 U.S.C.C.A.N. 818, 818.  Because Zukas's conviction occurred *after* the enactment of both the Federal Aviation Act of 1958 and the Aviation Drug-Trafficking Control Act of 1984, there was no *ex post facto* application of either section 44709 or section 44710.  *See Herenandez v. National Transp. Safety Bd.,* 15 F.3d 157, 158-59 (10th Cir.1994) (determining that, where statutes or regulations do not involve policy changes, the *Ex Post Facto* Clause is not implicated).

D. *Double Jeopardy Argument*

Zukas finally contends that the revocation of his pilot certificate violated the Double Jeopardy Clause[9] of the Fifth Amendment because he already had been punished by imprisonment and a civil fine for his participation in the cocaine distribution conspiracy.  Initially, we note that nothing in the record shows that Zukas was subjected to civil forfeiture or was ordered to pay a civil penalty.  As part of his sentence, the trial court ordered him to pay a criminal fine of $10,000.00.

"[T]he Double Jeopardy Clause protects against three distinct abuses:  a second prosecution for the same offense after acquittal;  a second prosecution for the same offense after conviction;  and multiple punishments for the same offense."  *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989).  With respect to the third, relevant application, the Court held "that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution."  *Id.* at 448-49, 109 S.Ct. at 1902.  The test of "whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve."  *Id.* at 448, 109 S.Ct. at 1901;  *see Department of Revenue v. Kurth Ranch,* 511 U.S. 767, 777 n. 14, 114 S.Ct. 1937, 1945 n. 14, 128 L.Ed.2d 767 (1994)

---

[9]The Double Jeopardy Clause states:  "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.

("[W]hether a sanction constitutes punishment is not determined from the defendant's perspective, as even remedial sanctions carry the "sting of punishment.' " (quoting *Halper,* 490 U.S. at 447 n. 7, 109 S.Ct. at 1901 n. 7)). Because double jeopardy applies to punitive and not to remedial sanctions, *see Manocchio v. Kusserow,* 961 F.2d 1539, 1541 (11th Cir.1992), a civil sanction that does not consist of money damages requires a court to consider the penalty imposed and the purposes of the penalty to determine if a legitimate, remedial purpose is served, *see United States v. Reed,* 937 F.2d 575, 577-78 (11th Cir.1991). Only when the civil sanction serves a retributive or deterrent purpose does the sanction constitute punishment and violate the Double Jeopardy Clause. *See id.; United States v. Walker,* 940 F.2d 442, 443 (9th Cir.1991) ("A civil penalty is punishment if it cannot fairly be said solely to serve a remedial purpose."). Revoking a pilot certificate by the FAA to ensure air safety by removing an unqualified pilot from the ranks of those who hold pilot certificates granted by the FAA serves a remedial purpose. The FAA regulations in effect at the time that Zukas's pilot certificate was revoked provided that "[r]evocation of a [pilot] certificate is used as a remedial measure when the certificate holder lacks the necessary qualifications to hold the certificate," and that "[r]evocation is appropriate whenever the certificate holder's conduct demonstrates a lack of the degree of care, judgment, or responsibility required of the holder of such a certificate." Federal Aviation Admin., U.S. Department of Transp., *Compliance and Enforcement Program,* Order 2150.3A, at WW 206(c), 206(c)(1) (as amended Apr. 20, 1994); *see Hite v. National Transp. Safety Bd.,* 991 F.2d 17, 20 (1st Cir.1993) (using an earlier version of the same FAA regulation).

The relevant legislative history also reveals a remedial purpose. The Civil Aeronautics Act of 1938 provided:

> The [Civil Aeronautics] Authority may ... alter, amend, modify, or suspend, in whole or in part, any ... airman certificate ... if the interest of the public so requires, or may revoke, in whole or in part, any such certificate for any cause which, at the time of revocation, would justify the Authority in refusing to issue to the holder of such certificate a like certificate.

Civil Aeronautics Act of 1938, ch. 601, 52 Stat. 973, 1011 (codified at 49 U.S.C. § 559 (1940)) (repealed 1958).

9

The "principal purpose" of the Federal Aviation Act of 1958 was to give the new federal agency, the FAA, which replaced the Civil Aeronautics Administration, "powers adequate to enable it to provide for the safe and efficient use of the navigable airspace by both civil and military operations," including authority over airman certificates. H.R.Rep. No. 2360, at 1 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3741, 3741; *see* 49 U.S.C. § 44701(a) (providing that the FAA Administrator is charged with "promot[ing] safe flight of civil aircraft in air commerce"). The Aviation Drug-Trafficking Control Act of 1984 expanded the FAA's authority as part of the war against drugs and enabled it to combat aerial trafficking in controlled substances by authorizing the revocation of the certificates of pilots involved in drug trafficking to prevent the recurrence of criminal drug trafficking by giving the FAA authority to revoke the certificates of pilots participating in drug trafficking. *See* S.Rep. No. 98-228, at 1 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3916, 3916 ("The bill is intended to expand the powers of the Federal Aviation Administration (FAA) to combat aerial trafficking in drugs. The bill accomplishes this purpose by authorizing FAA revocation of the airman certificate and aircraft registration certificate of those involved in drug trafficking."). There is no evidence that Congress had a retributive or deterrent purpose in providing for the revocation of pilots' certificates in any of the legislation that preceded the current law, 49 U.S.C. § 44709; instead, congressional impetus was remedial to ensure air safety and competence in aviation.

Because "the FAA's authority and goals are anchored in a concern for air safety," *United States v. Emerson,* 107 F.3d 77, 82 (1st Cir.1997), there is a reasonable relation between conviction for violating a drug law and flying safety. "[I]t is reasonable to conclude that a pilot who has violated a drug trafficking statute is also likely to violate regulations concerning air safety." *Pinney v. National Transp. Safety Bd.,* 993 F.2d 201, 203 (10th Cir.1993); *see Walters v. McLucas,* 597 F.2d 1230, 1232 (9th Cir.1979) (per curiam) (upholding revocation of a pilot's certificate because he had been convicted of possessing marijuana for sale and finding a "rational relation between a conviction for the possession of drugs for sale and the unsafe use of aircraft for drug smuggling").

10

Conviction for violating drug laws "clearly demonstrates a tendency to act without inhibition in an unstable manner without regard to the rights of others." 38 Fed.Reg. 17,491, 17,492 (1973).

The FAA revoked Zukas's pilot certificate pursuant to 49 U.S.C. §§ 44709(b), which provides for air safety in the public interest, and section 44710(b) and 14 C.F.R. § 61.15(a), which provide that a pilot's certificate is revocable if the holder has been convicted of a federal or state crime involving a controlled substance. Zukas does not dispute his conviction for conspiracy to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a) and 846. Because "[r]evocation of a pilot certificate is not a criminal sanction ....[,but] it is a remedy imposed to enhance air safety and to promote the public interest," *Kolek v. Engen,* 869 F.2d 1281, 1288 (9th Cir.1989), it cannot constitute punishment for double jeopardy purposes, *see Walker,* 940 F.2d at 443-44. Therefore, Zukas's double jeopardy argument fails.

## III. CONCLUSION

Zukas has petitioned for our review of the NTSB decision affirming the ALJ's granting summary judgment to the FAA Administrator to revoke Zukas's pilot certificate because of his conviction for conspiracy to distribute cocaine. For the reasons stated herein, his procedural, *ex post facto,* and double jeopardy challenges are unavailing. We AFFIRM.