[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 12, 2009
THOMAS K. KAHN
CLERK

No. 07-15607
Non-Argument Calendar

_____

NTSB No. SE-17459

ALVERO EDUARDO CORREDOR,

Petitioner,

versus

FEDERAL AVIATION ADMINISTRATION,

Respondent.

_____

Petition for Review of a Decision of the
Federal Aviation Administration

_____

**(January 12, 2009)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Alvero Eduardo Corredor seeks judicial review of the National Transportation Safety Board's (NTSB) decision issued on October 5, 2007. The NTSB affirmed an administrative law judge's (ALJ) decision to sustain, in part, the Federal Aviation Administration (FAA) suspension of Corredor's Air Transport Pilot (ATP) certificate. The ALJ reduced by half, from 180 days to 90 days, the length of the suspension imposed on Corredor by the FAA. Corredor seeks review in this Court on two grounds: (1) the suspension of Corredor's ATP certificate denied Petitioner due process, and (2) the ALJ's suspension was based on arbitrary and capricious findings of fact. After careful review, we affirm the order of the NTSB and deny Corredor's petition.

On July 8, 2007, the FAA issued an order suspending Petitioner Corredor's ATP certificate for 180 days. In the order the FAA alleged Corredor violated FAA regulations by operating a small Cessna aircraft in military airspace and on the runway of Homestead Air Reserve Base, Homestead, Florida. The FAA charged Corredor with performing an unauthorized "touch and go"[1] on the military runway. Corredor defended on the ground he did not operate the aircraft until after a Black Hawk helicopter intercepted the Cessna aircraft and ordered it to

---

[1]In executing a "touch and go" the pilot lands the aircraft on the runway and then immediately takes of again.

land, which caused Ms. Ada Hernandez, the pilot-in-command, to panic and fail to comply with the instructions of the military aircraft.

Hernandez is a citizen and resident of Spain. She held a Spanish commercial pilot certificate and had logged 170 hours of flying time. She was in the United States seeking to build up her flight hours because it was less expensive to fly in the United States than in Spain. Since she did not hold a United States pilot certificate, she needed a pilot with a United States certificate to accompany her in the rented aircraft. Corredor was the holder of an ATP certificate and had logged more than 5,000 hours of flying experience.

Hernandez and Corredor were acquaintances who had met approximately three weeks prior to the incident. Hernandez persuaded Corredor to accompany her on a flight to Homestead General Airport. They inadvertently ended up at Homestead Air Reserve Base. Petitioner denies having any involvement in the preflight preparations and claims to have been merely a passenger in the aircraft, until the Black Hawk helicopter intercepted them. According to Hernandez, after the first landing and before the Black Hawk helicopter arrived, Corredor offered to teach her how he would land the aircraft and took control of the aircraft. Corredor contends he operated the aircraft only after the Black Hawk helicopter arrived and Hernandez panicked.

3

The FAA and Corredor agree the critical issue is when Corredor took control of the aircraft. On November 28, 2006, the ALJ held an evidentiary hearing and took testimony from four witnesses. Hernandez, a foreign citizen residing in a foreign country, failed to appear at the hearing. The ALJ continued the hearing until February 27, 2007, at which time Hernandez appeared and the FAA concluded its case in chief. At the conclusion of all of the evidence, the ALJ issued an oral initial decision affirming the FAA's order of suspension, but modifying the suspension of Petitioner Corredor's ATP certificate for 90 days.

The ALJ credited Hernandez's testimony and determined Corredor assumed responsibility and control of the flight as pilot-in-command after the first landing at Homestead Air Reserve Base and before the Black Hawk helicopter arrived. Corredor appealed the ALJ decision to the NTSB. On October 5, 2007, the NTSB denied Corredor's appeal and affirmed the ALJ's initial decision. The NTSB found no merit in Corredor's arguments the ALJ denied him due process by bifurcating the hearing or by editing the initial decision. The NTSB also found no merit to Corredor's argument the ALJ's credibility determinations were arbitrary and capricious.

For a timely filed petition for review of an order of the NTSB, this Court has "exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the [NTSB] to conduct further proceedings." 49 U.S.C. § 1153(b)(1), (3); *see also* 49 U.S.C. §§ 44709(f), 46110. "We uphold a decision by the NTSB unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' or the challenged decision is 'contrary to constitutional right, power, privilege, or immunity.' " *Zukas v. Hinson*, 124 F.3d 1407, 1409 (11th Cir. 1997) (quoting 5 U.S.C. § 706(2)(A), (B)). "[W]hen reviewing an agency decision under the 'arbitrary and capricious' standard, we must defer to the wisdom of the agency provided [its] decision is reasoned and rational." *McHenry v. Bond*, 668 F.2d 1185, 1190 (11th Cir. 1982). "Findings of fact by the [NTSB], if supported by substantial evidence, are conclusive." 49 U.S.C. § 1153(b)(3); *see also* 49 U.S.C. § 46110(c).

Corredor raises two arguments on appeal: he was denied due process at his hearing before the ALJ and the ALJ erred in finding Corredor operated the aircraft. Corredor's alleged denial of due process is two-fold. First, the ALJ bifurcated and continued the hearing when Hernandez failed to appear. Second, the ALJ made post-hearing edits to the oral initial decision transcript.

The evidentiary hearing before the ALJ was scheduled for a two-day hearing on November 28 and 29, 2006. Hernandez failed to appear on November 28, 2006, and Corredor objected to permitting her to testify by telephone. The ALJ decided to bifurcate the hearing to allow the parties sufficient time to secure Hernandez's future presence or to take her deposition. Corredor argues the ALJ's decision to continue the hearing from November 29, 2006 to February 27, 2007 severely prejudiced his case and forced him to abandon part of his case because he could not afford to pay for an expert for the second day of the hearing.

The ALJ has the power "[t]o regulate the conduct of hearings[.]" 49 C.F.R. § 821.35 (b)(6). Corredor was on notice the evidentiary hearing before the ALJ was scheduled for two days. The record also indicated Corredor's counsel was informed the day before the hearing Hernandez would not be present at the hearing. Moreover, Corredor's expert did not testify on the first day of the hearing. On appeal to the NTSB, the Board found the ALJ did not abuse his discretion in deciding to bifurcate the hearing. On review of Corredor's argument and the record, we find no error in the NTSB's conclusion.

Corredor's second alleged due process violation centers around the ALJ's edits to the transcript of his oral initial decision. Corredor argues the changes were not merely typographical edits, but were substantive changes, which denied

6

him due process by causing him to confront two different initial decisions. On appeal to the NTSB, the Board found the changes to the oral initial decision, namely whether Corredor provided a false Social Security number during the investigation of events at Homestead Air Reserve Base, were "not critical to the outcome of this case." On careful review of the record, again we find no error in the NTSB's conclusion.

Corredor also challenges the ALJ's factual determinations, namely crediting Hernandez's version of events. Corredor argues crediting Hernandez's testimony over his own testimony was clearly erroneous because her testimony over the intervening years had not been consistent. The ALJ found Hernandez's testimony on the critical issue consistent: Corredor took control of the aircraft for the purpose of showing her how he lands an aircraft. The ALJ did not credit Corredor's testimony he took control of the aircraft because Hernandez panicked when the Black Hawk helicopter arrived. The NTSB found nothing arbitrary or capricious about the ALJ crediting Hernandez's testimony over Corredor's. On its own review, the NTSB agreed with the ALJ's credibility determination. We have reviewed the record and find the NTSB conclusion was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Moreover, we

find the credibility determinations by the NTSB are supported by substantial evidence.

Petitioner Corredor petitioned for review of the NTSB final order affirming the ALJ's decision to suspend Petitioner's ATP certificate for 90 days. Corredor's challenges to the NTSB order are unavailing. We affirm the order of the NTSB and deny Corredor's petition for review.

**AFFIRMED, PETITION DENIED.**