[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12853
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00278-SCJ

KELVIN E BAKER,

Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 25, 2012)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

Appellant Kelvin Baker appeals: (1) the district court's grant of the

Department of Transportation's (hereinafter the DOT) motion for summary judgment in his retaliation suit as the result of his prior Equal Employment Opportunity Commission ("EEOC") involvement, filed pursuant to 42 U.S.C. § 2000 *et seq.*, 42 U.S.C. § 1981; (2) the affirmance of the Merit Systems Protection Board's ("MSPB") decision upholding his demotion, 5 U.S.C. § 7703; and (3) the district court's denial of his motion for partial summary judgment as to his retaliation claim. On appeal, Baker argues that the district court erred by granting summary judgment in favor of the DOT on his retaliation claim by finding that he did not establish pretext for the DOT's legitimate, nondiscriminatory reasons for his demotion. Baker contends that he presented sufficient evidence to rebut the DOT's stated reasons for his demotion, specifically that he exhibited conduct unbecoming of a supervisor by challenging a subordinate employee to a physical altercation, and he demonstrated lack of remorse, as well as the failure to reassure the decision maker that such behavior would not happen again. Baker also argues that the district court erred by concluding that the MSPB's affirmance of his demotion was not in violation of the established legal standards or otherwise not in accordance with the law.

## I.

We review a district court's grant of summary judgment *de novo*. *Thomas v.*

*Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). We view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Thomas*, 506 F.3d at 1363. Nevertheless, to overcome a motion for summary judgment, the non-moving party must produce more than a scintilla of evidence to support his position. *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004).

Both Title VII and 42 U.S.C. § 1981 prohibit retaliation by an employer against an individual because the individual has opposed any practice prohibited by Title VII or made a charge of discrimination. *See* 42 U.S.C. §§ 2000e-3(a), 2000e-16(a); *see also Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1212-13 (11th Cir. 2008) (noting that the elements of a retaliation claim are the same under § 1981 as they are under Title VII). Once a plaintiff establishes a *prima facie* case, the burden shifts to the employer to "proffer a legitimate, non-retaliatory reason for the adverse employment action." *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998). However, the "plaintiff bears the ultimate burden of proving by a preponderance of the evidence that the reason provided by the

3

employer is a pretext for prohibited, retaliatory conduct." *Id*.

To establish pretext, a plaintiff must show that the defendant's proffered reasons are false and that the true reasons were retaliatory. *See Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007); *see also Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1291 (11th Cir. 2005). To satisfy that burden, the plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns,* 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation marks omitted). If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the employer's articulated reasons is pretextual, the employer is entitled to summary judgment. *See Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 771-72 (11th Cir. 2005). "Standing alone, deviation from a company policy does not demonstrate discriminatory animus." *Mitchell v. USBI Co.*, 186 F.3d 1352, 1355-56 (11th Cir. 1999).

We conclude from the record that the district court correctly concluded that the DOT established legitimate, nondiscriminatory reasons for demoting Baker and that Baker failed to establish pretext. Specifically, Baker failed to set forth

evidence that the decision maker acted with a retaliatory motive. There was sufficient evidence presented to establish that at varying points throughout Baker's investigation he stated that he had not acted inappropriately when challenging his subordinate to a physical altercation, and that his conduct was "regretful." There was also sufficient evidence presented by the decision maker that Baker's prior EEOC involvement was not a factor in the demotion, particularly as the decision maker had testified on Baker's behalf at a prior EEOC hearing. This assertion was supported by the extensive testimony regarding Baker's past inappropriate behavior and the various investigations into his conduct, many prompted by subordinate employees' complaints regarding his behavior.

Although Baker contended that it was the decision maker's supervisor who influenced the demotion, testimony and several e-mails demonstrate that the supervisor did not influence his demotion. Moreover, the DOT's deviation from the table of penalties did not demonstrate a discriminatory animus, particularly as supervisors were held to a higher standard of conduct. *See Mitchell*, 186 F.3d at 1355-56. Therefore, Baker failed to demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the DOT's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence. *Combs*, 106 F.3d at 1538. Accordingly, we affirm

the district court's grant of the DOT's motion for summary judgment, and its denial of Baker's partial motion for summary judgment.

## II.

Section 7703 provides for judicial review of decisions of the MSPB. *Kelliher v. Veneman*, 313 F.3d 1270, 1274 (11th Cir. 2002); *see* 5 U.S.C. § 7703. A federal employee must pursue and exhaust administrative remedies before filing an action under Title VII. *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). The MSPB is "an administrative agency that has jurisdiction over specified adverse employment actions affecting federal civil servants, including terminations, demotions, and suspensions." *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004) (internal quotation marks omitted); 5 U.S.C. § 7512 (detailing adverse employment actions subject to the MSPB's jurisdiction). A federal employee who alleges that an appealable adverse action was based in whole or in part on discrimination presents a "mixed case" that may be appealed directly to the MSPB. *Id.*; 5 U.S.C. § 7702(a)(1)(B) (providing that the MSPB may decide issues of discrimination that accompany actions otherwise appealable to the MSPB); 29 C.F.R. § 1614.302(a) (defining "mixed case complaint" as a complaint of employment discrimination "related to or stemming from an action that can be appealed" to the MSPB). If the MSPB rejects an employee's claims in

6

a mixed case, the employee may either (1) appeal the discrimination claim to the EEOC; (2) appeal the entire claim or any part thereof to the appropriate district court; or (3) waive the discrimination claim and appeal to the Federal Circuit. *Id*. §§ 7702(a)(1) and 7703(b); 5 C.F.R. §§ 1201.157, 1201.175.

MSPB determinations are reviewed on the record and set aside only if the "agency action, finding or conclusion is found to be: (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Kelliher*, 313 F.3d at 1274 (quoting 5 U.S.C. § 7703 cc)). In determining whether the outcome in an adjudication before an administrative agency such as the MSPB is arbitrary and capricious we do not substitute our judgment for that of the agency but rather, only seek to ensure that the decision was reasonable and rational. *Zukas v. Hinson*, 124 F.3d 1407, 1409 (11th Cir. 1997). "Along the standard of review continuum, the arbitrary and capricious standard gives an appellate court the least latitude in finding grounds for reversal." *North Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990). We must only "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error in judgment." *Id*. (internal quotation marks omitted).

We conclude from the record that the district court did not err by affirming Baker's demotion, as the MSPB's affirmance and consideration of Baker's September 26, 2006, letter in response to his proposed demotion letter was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Because the settlement negotiations privilege does not apply to exchanges such as those between Baker and the decision maker, which were conducted in the employment context when litigation had not yet been contemplated, no formal complaint had been filed, and the MSPB review had not yet begun, the administrative judge and the MSPB were permitted to consider Baker's response in upholding his demotion. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980-982 (11th Cir. 2003).

For the aforementioned reasons, we affirm the judgment entered by the district court in favor of DOT.

**AFFIRMED.**