**Jesus John HERNANDEZ, Petitioner,**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD, Federal Aviation Administration, Respondents.**

No. 93–9521.

United States Court of Appeals,
Tenth Circuit.

Jan. 31, 1994.

Jesus John Hernandez, petitioner, pro se.

Peter J. Lynch, Manager, Appellate Branch, and James W. Tegtmeier, Atty., Enforcement Div., Office of the Chief Counsel, F.F.A., Washington, DC, for respondents.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

Appellant, Jesus John Hernandez, appeals the National Transportation Safety Board's ("NTSB") reinstatement on appeal of the decision of the Administrator of the Federal Aviation Administration ("FAA") revoking his Commercial Pilot Certificate. We exercise jurisdiction pursuant to 49 U.S.C. §§ 1486(a) and 1903(d) and affirm.[1]

## I. Background

From 1982 to 1986, Mr. Hernandez was convicted of several drug-related offenses. As a result of these convictions, on September 21, 1987, the FAA Administrator revoked Mr. Hernandez's Commercial Pilot Certificate ("certificate"). After several proceedings not relevant to this appeal, the case was remanded to an administrative law judge ("ALJ") who conducted a hearing only on the issue of whether revocation is an appropriate sanction for Mr. Hernandez. The ALJ concluded that it is not an appropriate sanction and instead mandated a twelve month suspension of Mr. Hernandez's certificate. The FAA Administrator appealed this decision to the full NTSB which overturned the ALJ and reinstated the original revocation. Mr. Hernandez appeals.

## II. Claims on Appeal

We review this NTSB decision only to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See Copsey v. National Transp. Safety Bd.*, 993 F.2d 736, 738 (10th Cir.1993). Mr. Hernandez cites two grounds for his appeal. First, he contends that, in reinstating the certificate revocation, the NTSB improperly supplanted the ALJ's findings of fact with its own findings. We disagree. In the first instance, "it bears recalling that under the Federal Aviation Act it is the [NTSB] which serves as the ultimate finder of fact, even with respect to credibility determinations." *Chirino v. National Transp. Safety Bd.*, 849 F.2d 1525, 1532 (D.C.Cir.1988). Thus, contrary to Mr. Hernandez's argument, with regard to findings of fact, the relationship between ALJ's and the NTSB is not the same as between the federal district courts and federal courts of appeals. Further, the basis on which the NTSB reversed the ALJ's findings regarding revocation is essentially one of law and not fact. The NTSB found that, contrary to the ALJ's conclusion, 14 C.F.R. § 61.15(a) and corresponding FAA policy do not require that Mr. Hernandez have used his certificate directly (i.e. that he actually have flown a plane) in the activities resulting in his convictions before revocation is an appropriate sanction.

It is this same determination by the NTSB—that the direct use of a certificate in activities prohibited under § 61.15(a) is not required for certificate revocation—that gives rise to Mr. Hernandez's second argument on appeal. Mr. Hernandez asserts that this determination represents a change in policy which did not occur until after he took the actions resulting in his convictions. He asserts that therefore, as applied in this case, the determination violates the *ex post facto* clause of the Constitution.

We find this argument to be without merit. Even were we to accept that the *ex post facto*

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

clause is applicable to cases of this type, no change in policy has occurred in this particular case so as to implicate the clause. Section 61.15(a) itself has never required that a certificate be used directly in a violation of the regulation before revocation may be imposed as a sanction. *Id.* Rather, whether revocation is an appropriate sanction is essentially left to the discretion of the FAA and/or the NTSB. *Id.* In reviewing past decisions of the NTSB it is apparent that past policy did not strictly require that a certificate be used directly in a drug offense before the certificate could be revoked. *See Administrator v. Kolek,* 5 N.T.S.B. 1437 (1986), *aff'd, Kolex v. Engen,* 869 F.2d 1281 (9th Cir.1989) (pointing out that "although lack of aircraft use in a narcotics violation has frequently carried significant weight in NTSB decisions use or nonuse of an aircraft has not uniformly trumped other factors in the analysis") (citations omitted); *Administrator v. Smith,* 3 N.T.S.B. 283 (1977).

### III.   Conclusion

We find that the decision of the NTSB reinstating the revocation of Mr. Hernandez's Commercial Pilot Certificate is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Appellant's motion to proceed in forma pauperis is granted. The decision is AFFIRMED.