45 F.3d 427
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Philemon K. PLATT, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, David R. Hinson,
Administrator; National Transportation Safety
Board, Respondents.
 No. 94-1343.
 United States Court of Appeals, Fourth Circuit.
 Submitted: November 22, 1994.
Decided: January 6, 1995.
 
 On Petition for Review of an Order of the Federal Aviation Administration. (SE-11708)
 Charles B. Zuravin, ZURAVIN & TROCK, P.A., Columbia, MD, for Petitioner. Harry S. Gold, Acting Manager, Appellate Branch, AGC-310, Robert P. Vente, Office of the Chief Counsel, FEDERAL AVIATION ADMINISTRATION, Washington, DC, for Respondents.
 F.A.A.
 AFFIRMED.
 Before HALL, NIEMEYER, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Philemon K. Platt filed a petition for review of a National Transportation Safety Board ("NTSB") order suspending for ninety days his commercial pilot certificate because he operated four flights for compensation or hire without the required certificate and without passing the required tests and competency check. See 14 C.F.R. Secs. 135.5, 135.293(a), 135.293(b) (1994). Finding no error, we affirm.
 
 I.
 
 2
 The Federal Aviation Administration ("FAA") revoked Platt's commercial pilot certificate for an alleged violation of sections 135.5 and 135.293. After a hearing before an administrative law judge ("ALJ"), the ALJ concluded that Platt violated sections 135.5 and 135.293 but modified the FAA's sanction by imposing a ninety-day suspension rather than revocation. The ALJ based the modification on his conclusions that the FAA did not show a lack of qualifications, that the appropriate sanction was thirty to ninety days, that Platt made every effort to comply with sections 135.5 and 135.293, and that Platt did not intend to circumvent the regulations.
 
 
 3
 In affirming the ALJ, the NTSB concluded that Platt had operated four flights for compensation or hire and that a ninety-day suspension was an appropriate sanction because the "[t]ypical sanctions for a limited number of unauthorized flights for compensation or hire range from 20-day to 120-day suspensions." (J.A. at 79-80, 81). Platt sought reconsideration of the NTSB's decision and argued that the suspension was excessive. The NTSB declined to reconsider its previous order. Platt timely petitioned this Court for review.
 
 II.
 
 4
 Platt argues on appeal that the ninety-day suspension imposed by the ALJ and affirmed by the NTSB is excessive.* He asserts that his inadvertent violation of complicated FAA regulations warrants a lower sanction. Platt also contends that the sanction is excessive because it deprives him of his livelihood as a professional pilot and flight instructor.
 
 
 5
 We review an NTSB decision "only to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Hernandez v. National Transp. Safety Bd., 15 F.3d 157, 158 (10th Cir.1994); 5 U.S.C. Sec. 706(2)(A) (1988). Further, " 'the strong policy concern for public safety requires that the [NTSB] be given a wide range of discretion in imposing sanctions.' " Johnson v. National Transp. Safety Bd., 979 F.2d 618, 622 (7th Cir.1992) (quoting Erickson v. National Transp. Safety Bd., 758 F.2d 285, 290 (8th Cir.1985)).
 
 
 6
 Sanctions for carrying persons or property for compensation or hire on a very limited number of occasions have resulted in suspensions of up to 120 days. See Administrator v. Carter, Order No. EA-3730, 1992 WL 348131 (N.T.S.B. Nov. 6, 1992); Administrator v. Pingel, Order No. EA-3265, 1991 WL 320040 (N.T.S.B. Mar. 5, 1991); Administrator v. Walton, Order No. EA-2747, 1988 WL 250335 (N.T.S.B. June 7, 1988), aff'd, No. 88-4087 (6th Cir. Jan. 26, 1990) (unpublished); Administrator v. Poirer, 5 N.T.S.B.1928 (1987). Because Platt's ninety-day suspension falls within the range of sanctions imposed by the NTSB in substantially similar circumstances, we find that the ninety-day suspension imposed by the ALJ and affirmed by the NTSB is not arbitrary and capricious. See Administrator v. Moore, 5 N.T.S.B. 1626 (1986). Further, the NTSB correctly declined to consider as a mitigating factor Platt's contention that the suspension deprives him of his livelihood. Id.
 
 III.
 
 7
 Accordingly, because the NTSB did not abuse its discretion in imposing a ninety-day suspension, we affirm its decision. See Hernandez, 15 F.3d at 158; Johnson, 979 F.2d at 622. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 We note that Platt does not contend that the NTSB incorrectly concluded he violated sections 135.5 and 135.293