**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DOUGLAS E. HAYNES,

      Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,

      Respondent.

No. 98-9549
(No. SE-15007)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore,

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petitioner's motion for oral argument is denied, and the case is ordered submitted without oral argument.

Douglas E. Haynes petitions this court for review of the National Transportation Safety Board's (the Board) affirmance of the Federal Aviation Administration's (FAA's) 180-day suspension of his private pilot certificate.[1] This court has jurisdiction pursuant to 49 U.S.C. § 1153(a), and we affirm.

## Background

Mr. Haynes is the owner and operator of an entity known as Blue Ridge Airlines. Under the Federal Aviation Regulations, Blue Ridge is not authorized to use Beech Bonanza aircraft for its operations because this aircraft is not listed in the airline's FAA approved operating specifications. On November 9, 1996, Mr. Haynes piloted a Beech Bonanza with three other persons on board from Watkins, Colorado, to Hayes, Kansas.

On August 15, 1997, following an FAA investigation of this flight, the FAA issued an order suspending Mr. Haynes' private pilot certificate for a period of 180 days. This action was a result of the FAA's determination that in piloting the November 9, 1996 flight, Mr. Haynes had violated certain Federal Aviation

---

[1] We note that although the Board acted in a quasi-judicial role in this case, the administrator of the FAA ordered Mr. Haynes' suspension and is, therefore, the real party in interest. *See Bennett v. NTSB*, 66 F.3d 1130, 1133 n.1 (10th Cir. 1995).

Regulations including: (1) acting as pilot-in-command on a Beech Bonanza aircraft which was not authorized to be used for a Federal Aviation Regulation Part 135 air carrier operation; (2) piloting this flight without having passed a written or oral examination in the aircraft during the previous twelve months; (3) piloting this flight without having passed a competency check in the Beech Bonanza or equivalent aircraft during the previous twelve months; (4) piloting this flight without a commercial pilot certificate; (5) piloting this flight without an instrument rating or an airline transport pilot certificate with an airplane category rating; (6) piloting this flight without having passed a flight check in the Beech Bonanza aircraft during the previous twelve months; and (7) piloting this flight without completing the initial or recurrent training phase of the appropriate training program during the previous twelve months. *See* Admin. R. at 9-10.

Mr. Haynes appealed the FAA decision to the Board, which set a hearing date for January 13, 1998. On December 23, 1997, Mr. Haynes requested a continuance of the Board's proceedings, stating that he could not attend the January 13, 1998 hearing due to "personal legal restraint." *Id.* at 27. In an order dated January 5, 1998, the administrative law judge (ALJ) denied Mr. Haynes' request for a continuance, stating that Mr. Haynes had not established good cause for a continuance. *See id.* at 30. Mr. Haynes did not appear for the hearing, and

after taking testimony, the ALJ affirmed the FAA's suspension of Mr. Haynes' license.

**Discussion**

In his petition for review, Mr. Haynes does not challenge the FAA's decision to suspend his license. Instead, his only argument is that the Board abused its discretion in not granting him a continuance of the January 13, 1998 hearing.

"With regard to informal adjudications, i.e., those not conducted on the record after the opportunity for an agency hearing, 'interested persons' are entitled to a 'brief statement of the grounds for denial' when an agency denies 'a written application, petition, or other request . . . made in connection with any agency proceeding." *Friends of the Bow v. Thompson*, 124 F.3d 1210, 1214 (10th Cir. 1997) (quoting 5 U.S.C. § 555(e)). When an interested person objects to the agency action, we review the "decision only to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Hernandez v. NTSB*, 15 F.3d 157, 158 (10th Cir. 1994).

In his December 24, 1997 letter requesting that the Board reschedule his hearing date, Mr. Haynes stated that he could not commit to the January 13, 1998 hearing date "[b]ecause of personal legal restraint." Admin. R. at 27. He requested a date after February 8, 1998, and provided a telephone number where

he could be reached after that date. *See id.* The FAA objected to a continuance, stating that Mr. Haynes failed to state good cause for delaying the hearing and advising the ALJ that the FAA had five witnesses who had already made arrangements to be in Denver for the hearing on January 13, 1998. *See id.* at 28.

In denying his request, the ALJ agreed that Mr. Haynes had not established adequate grounds for a continuance. *See id.* at 30. In a letter of appeal received by the Board on January 28, 1998, for the first time Mr. Haynes explained that he was incarcerated in the Denver County Jail, where he was involved in a work release program until February 1998. Mr. Haynes alleged that he had attempted to reach the ALJ by telephone prior to the hearing. He contended that when he finally contacted the ALJ on January 14, 1998, he learned that the hearing had gone forward in his absence. *See id.* at 156.

In rejecting Mr. Haynes' appeal, the Board expressed confusion regarding Mr. Haynes' continued allegation that the hearing had originally been set for April 3, 1998. The Board's order stated that the January 13 date was the only date ever set by the Board for the hearing. [2] *See id.* at 170 n.4. The ALJ acknowledged

---

[2] In his letter requesting a continuance, Mr. Haynes asked that the Board "perhaps stick with the original date of this hearing or reschedul[e] to any day after the 8th of February." Admin. R. at 27. In his brief in support of his petition for review, Mr. Haynes alleges that the Board originally set a hearing for April 3, 1998, and then "[o]ut of the clear blue sky," rescheduled the hearing two months earlier. Petitioner's Br at 2. Contrary to Mr. Haynes' allegation, the

(continued...)

receiving a fax from Mr. Haynes the morning of the hearing stating that he would be unable to attend the hearing for "personal reasons." *Id.* at 7. Contrary to Mr. Haynes' allegations, the Board stated that Mr. Haynes' letter of appeal was the first indication given the Board that Mr. Haynes was incarcerated. *See id.* at 171. While acknowledging that this "could have been justification to seek a continuance," the Board found it was Mr. Haynes' obligation to fully explain his circumstances when he sought the continuance. *Id.* Mr. Haynes not only failed to explain his circumstances to the ALJ in his request for a continuance, he failed to adequately explain when he received the ALJ's denial by certified mail.

The Board noted that its records indicate that attempts were made to return all of Mr. Haynes' telephone calls. [3] This proved fruitless because Mr. Haynes failed to supply the ALJ with a current telephone number where he could be reached. Finally, the Board noted that Mr. Haynes had not challenged the ALJ's findings regarding the suspension of his license and therefore, had given the Board

---

[2](...continued)
administrative record indicates that the case was assigned to an ALJ on November 6, 1997, *see* Admin. R. at 16, who then set a hearing for January 13, 1998, *see id.* at 17. The record contains no evidence of a prior hearing setting for April 3, 1998.

[3]     The Board also noted that despite advice to the contrary, Mr. Haynes continued to attempt to contact the ALJ through calls to OSHRC, the agency whose courtroom was used for Mr. Haynes' hearing. *See* Admin. R. at 171 n.6.

no reason to believe that the outcome would have been different if the continuance had been granted and if Mr. Haynes had attended the hearing.     *See id.* at 172.

## Conclusion

In conclusion, the Board determined that the ALJ had not abused his discretion in denying Mr. Haynes' request for a continuance. We agree. Mr. Haynes' reasons for seeking a continuance were too vague to put the ALJ on notice that he was in jail. Moreover, he failed in his obligation to keep the Board informed of a current telephone number where he could be reached.

In its initial order of denial and its order denying appeal, the Board provided sufficient and cogent reasons for its decision to deny Mr. Haynes a continuance. Mr. Haynes has not adequately challenged those reasons in his petition for review. Therefore, we determine that the Board's decision was not arbitrary and capricious or an abuse of discretion, and accordingly, the petition for review is DENIED and the Board's order is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-7-