**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DEAN C. ENGLESTEAD,

Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,

Respondent.

No. 99-9518
(No. SE-14696)
(Petition for Review)

ORDER AND JUDGMENT   *

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

Petitioner Dean C. Englestead, proceeding pro se, seeks review of the

National Transportation Safety Board's (NTSB) determination affirming the

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Federal Aviation Association's (FAA) order of suspension.     See Garvey v. Englestead , NTSB No. EA-4663 (May 27, 1998).  We deny review. [1]

Petitioner was the pilot in command of a commercial airline flight from Salt Lake City to Colorado Springs.     During the flight, petitioner handled communications while the first officer flew the aircraft.  At one point, air traffic control (ATC) radioed a change in route to "direct Flood, direct Pueblo, direct Colorado Springs."  Petitioner maintains that he heard only "direct Flood, direct Colorado Springs."  Petitioner thereupon ordered the first officer to     assume a heading that would take the aircraft through continuously active restricted airspace.   ATC recognized the erroneous flight path and redirected the flight.

After a hearing, respondent entered a thirty-day order of suspension. Petitioner appealed to the NTSB,     see 49 U.S.C. § 44709(d), which affirmed. Petitioner now appeals to this court.     See id. § 1153(a).

We review the decision of the NTSB "only to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Hernandez v. National Transp. Safety Bd.     , 15 F.3d 157, 158 (10th Cir. 1994).  Thus, we may not substitute our own judgment for that of the NTSB;

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

rather, "we must uphold the agency's action if it has articulated a rational basis for the decision and has considered relevant factors." Colorado Dep't of Soc. Servs. v. United States Dep't of Health & Human Servs., 29 F.3d 519, 522 (10th Cir. 1994); see also Northwest Pipeline Corp. v. Federal Energy Regulatory Comm'n, 61 F.3d 1479, 1486 (10th Cir. 1995). "Findings of fact by the [NTSB], if supported by substantial evidence, are conclusive." 49 U.S.C. § 1153(b)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted).

In its review, the NTSB is "bound by all validly adopted interpretations of laws and regulations the [FAA] Administrator carries out . . . unless the [NTSB] finds an interpretation is arbitrary, capricious, or otherwise not according to law.'" Id. § 44709(d)(3). The FAA may promulgate interpretations of regulatory and air safety policy through adjudication before the NTSB. See Garvey v. National Transp. Safety Bd., 190 F.3d 571, 577 (D.C. Cir. 1999) (noting Martin v. Occupational Safety & Health Review Comm'n, 499 U.S. 144, 157-58 (1991); Petition of Quintana, NTSB No. EA-3737, 1992 WL 362084, at *2 (1992)).

Petitioner argues that his license should not be suspended because the NTSB looked at the facts incorrectly. He asserts that ATC should bear some of the responsibility as ATC did not ask for a complete readback of the changed

-3-

flight plan. He states that because "Flood intersection" is not on the high altitude chart he was using, the entire flight clearance had been changed and ATC should have insisted on a complete readback. He concludes that, because ATC failed to do so, "some of the responsibility lies with the controller[.]" Petitioner's Br. First Issue. Petitioner also contends that the flight was still within the limits of the clearance when the error was noticed so he did not breach restricted airspace. He further maintains that it is common to be vectored through restricted airspace when the restricted airspace is not in use.

In his deposition, petitioner stated that he had flown the route four times within the past year and was generally aware of the locations of restricted areas in the vicinity of the proposed flight path. He was not aware, however, that the restricted area south of Colorado Springs was continuously active. To explain his failure to hear the middle portion of the transmission, petitioner admitted his attention might have been diverted. He also speculated that the transmission may have been "stepped on" by a transmission from another aircraft, thus preventing him from hearing the entire transmission.

Respondent presented evidence that complete clearance readbacks by a pilot are not mandatory. Rather, ATC need only ensure that the portion read back is correct. Respondent also presented evidence that the complete flight plan was transmitted to petitioner with no gap in the transmission.

Under the FAA's interpretation of its regulations, failure to understand an ATC instruction is a valid defense only if the pilot can provide some exculpatory explanation. This interpretation, while harsh, is justified and enforceable. See Garvey, 190 F.3d at 580-82. We agree that "the record does not establish a factual circumstance as would account for the alleged failure by Respondent Englestead to hear that part of the clearance: 'direct Pueblo.'" Rec. Vol. 2 at 384. The NTSB's conclusion that "where Respondent admittedly heard the first portion and the last segment of the clearance, absent a practicable explanation for the failure to hear, the Complainant has established a prima facie case of regulatory violation which has not been contradicted," id., is neither arbitrary nor capricious. Petitioner's attempt to divert some of the blame to ATC is without merit because ATC was under no duty to require a complete readback of the amended clearance. See Garvey, 190 F.3d at 583-84. Finally, whether or not the aircraft entered restricted airspace is immaterial to the charged violation of deviating from an ATC clearance.

Petitioner also asks that if we uphold the FAA's ruling, we reduce the length of suspension ordered. Because the order of suspension is not arbitrary or

capricious, we are without authority to do so. See Northwest Pipeline Corp., 61 F.3d at 1485-86

The petition for review is DENIED.

Entered for the Court


Carlos F. Lucero
Circuit Judge